UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANDREA L. NGO,                       :
                                     :   NO. 1:00-CV-00961
       Plaintiff,                    :
                                     :
                                     :   **ORDER**
   v.                                :
                                     :
                                     :
CITY OF CINCINNATI, et al.,          :
                                     :
       Defendants.                   :

On November 15, 2000, Plaintiff Andrea L. Ngo ("Ngo") filed the instant lawsuit against the City of Cincinnati ("City") and the Board of County Commissioners of Hamilton County ("County"), alleging that she was the victim of various age, sex, and nationality-based discrimination while employed at the Metropolitan Sewer District ("MSD") (doc. 1). On February 19, 2002, Ngo obtained an entry of default against both Defendants (doc. 8), and she filed a motion requesting a default judgment against both the same day (doc. 9). The Court granted Ngo's motion and entered default judgment against the Defendants on March 21, 2002 (docs. 10, 11). On July 24, 2003 and August 5, 2003, the City and the County, respectively, moved to set aside the default judgment (docs. 13, 14). Ngo responded on August 13, 2003 (doc. 15), and the City and the County replied on August 18, 2003 and August 26, 2003, respectively (docs. 16, 17). The motion is therefore fully briefed and ripe for decision. For the following

reasons, Defendants' motions will be granted, and the default judgment against each will be vacated.

**I. RELEVANT FACTS AND PROCEDURAL HISTORY**

While the substance of Ngo's claims are irrelevant to the determination of the instant motions, the detailed procedural history of the entry of default and grant of default judgment and the circumstances surrounding the imposition of both are of note. This case is the third of three similar lawsuits filed by Plaintiff's counsel alleging that the MSD impermissibly discriminated against its employees on the basis of race, sex, nationality, and/or age. In the two previous cases, the City and County voluntarily waived personal service of the complaint and summons. Furthermore, the City and County determined in the two prior cases, based upon the contractual relationship between them in operating the MSD, that the City was the real party in interest in the litigation; as a result, the City Solicitor's office substituted as counsel for the County in each case.

While this issue was resolved in the prior two cases, neither of the Defendants executed a waiver of summons in the instant case, leaving service uneffected. Accordingly, this Court issued a show cause Order on March 22, 2001, ordering Plaintiff to show cause on or before April 9, 2002 why the case should not be dismissed for failure of service (doc. 3). On April 9, 2002, the final day to satisfy the Order, Plaintiff's counsel contacted

Thomas J. Harris III, an assistant city solicitor, and requested he sign a waiver of service form.  Mr. Harris, being a recent addition to the City's solicitor staff, had no familiarity with the case and enjoyed no authority to waive the service of process for Hamilton County; however, as a matter of professional courtesy, he executed a waiver of service in both cases and signed Plaintiff's response to this Court's show cause Order.  The Plaintiff filed these executed waivers and responses on April 9, 2001, facially satisfying this Court's March 22, 2003 Order.  The County maintains, however, that it has never been contacted about this case and never received any of the documents of the instant action; the City insists that Mr. Harris was not authorized to waive service and never received a copy of the complaint or any other pleading in the case.

Following this filing, no action was taken in the instant case by either party; in particular, Defendants failed to file an answer, motion, or other responsive pleading to the Complaint. Accordingly, on January 18, 2002, this Court noticed Plaintiff of the Defendants' failure to respond and instructing her to proceed with an application for entry of default within thirty days or face dismissal for failure to prosecute the claim (doc. 6).  Plaintiff waited until the last day permitted under the Notice, February 19, 2002, to file motions requesting the entry of default and default judgment against both Defendants (docs. 7, 9).  Plaintiff concedes

that, as "a recently admitted attorney," he was "unfamiliar with the default process" and, accordingly, "sought the advice of court personnel as to filing and service issues" (doc. 12). The Defendants aver that they never received the motions requesting entry of default or default judgment or this Court's orders granting either.

**II. LAW AND DISCUSSION**

In their respective motions requesting relief from default judgment, the Defendants allege numerous deficiencies of service, lack of agency, and lack of notice, each of which they contend justify relief from this Court's entry of judgment. The Federal Rules of Civil Procedure, however, circumscribe the grounds upon which such relief may be granted in Fed. R. Civ. P. 60(b). This Rule provides, in relevant part:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment,

order, or proceeding was entered or taken. Fed. R. Civ. P. 60(b). Although the circumstances in this case might arguably constitute "mistake, inadvertence, surprise, or excusable neglect" as contemplated by the Rule, the Rule specifically requires that motions on these grounds be filed within one year after the entry of judgment. Id. As neither of the Defendants filed a motion for relief from judgment in this case until more than fifteen months after the judgment was entered, this provision lends them no aid.

The facts of this case, however, clearly warrant relief from judgment on at least one of the alternative enumerated grounds of Fed. R. Civ. P 60(b). First, with respect to the County, it seems clear that it was never served with a copy of the Complaint and summons in this case. "Unless a named defendant agrees to waive service, the summons continues to function as the sine qua non directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 351 (1999). Accordingly, any judgment entered against the County without proper service of process may properly be set aside under Fed. R. Civ. P. 60(b). See Thompson v. American Home Assur. Co., 95 F.3d 429, 433 (6th Cir. 1996).

Furthermore, all parties readily conceded during conference with the Court that they share blame for the many

procedural irregularities and unusual circumstances that have occurred giving rise to the instant posture of this case.  In light of these admissions and in recognition that federal courts have long favored trial of claims on the merits over default, see, e.g., Berthelsen v. Kane, 907 F.2d 617, 620 (6th Cir. 1999); United Coin Meter v. Seaboard Coastline Railroad, 705 F.2d 839 (6th Cir. 1983), the Court finds that the circumstances of the instant case constitute sufficient "other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).  Further, it is clear from the briefing that both Defendants arguably have a meritorious defense to Plaintiff's claims and that Plaintiff will not be prejudiced by vacating the default judgment.  See United Coin Meter, 705 F.2d at 845.

       Accordingly, the City of Cincinnati's Motion to Set Aside Entry of Default and Default Judgment and For Relief From Judgment (doc. 13) is GRANTED.  The Board of County Commissioners of Hamilton County's Motion to Set Aside Entry of Default and Default Judgment and For Relief From Judgment (doc. 14) is GRANTED.  The Defendants are hereby ESTOPPED from filing any dispositive motion on the grounds that Plaintiff failed to timely effect service of process of the instant Complaint and summons as

required by the Federal Rules of Civil Procedure and/or any Order of this Court.

        SO ORDERED.

Dated: October 17, 2003        s/S. Arthur Spiegel
                                          S. Arthur Spiegel
                                          United States Senior District Judge