David E. Hardin    (0066415)
Attorney for Andrea Ngo

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| ANDREA L. NGO<br>1697 Atson Lane<br>Cincinnati, Ohio 45205 | : <br> : <br> : | CASE NO. : C-1-00-961 <br><br> Judge Spiegel |
| Plaintiff, | : | |
| vs. | : | |
| | : | |
| THE CITY OF CINCINNATI<br>c/o  Julia L. McNeil<br>801 Plum Street<br>Room 214, City Hall<br>Cincinnati, Ohio 45202 | : <br> : <br> : <br> : <br> : | |
| and, | : | **FIRST AMENDED COMPLAINT** |
| BOARD OF COUNTY<br>COMMISSIONERS, HAMILTON<br>COUNTY, OHIO<br>138 East Court Street, Room 603<br>Cincinnati, Ohio 45202 | : <br> : <br> : <br> : | **AND JURY DEMAND ENDORSED**<br>**HEREIN** |
| | : | |
| and, | : | |
| JOHN AND JANE DOES 1 THROUGH 8<br>Addresses Presently Unknown, | : | |
| Defendants. | : | |
| | : | |

**NOW COMES** Plaintiff, by and through counsel, and for her First Amended Complaint asserts the following:

## I. INTRODUCTION

1. Plaintiff, Andrea L. Ngo, is an Asian-American female who brings this action to redress injury done to her by the Defendants' discriminatory treatment of her on the basis of her race, national origin and gender, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000 e et seq, providing for relief from discrimination in employment on the basis of race and gender; and pursuant to Ohio Rev. Code 4112.02, applicable sections of the Ohio Fair Employment Practices Act prohibiting discrimination in employment on the basis of race and gender; and the common law of the State of Ohio.

Plaintiff also brings this action to redress injury done to her by the Defendants' discriminatory treatment on the basis of her age, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. 623, and pursuant to Ohio Rev. Code 4112.02, 4112.14 and the common law of the State of Ohio.

2. The jurisdiction of this Court over Counts I - X of this action is conferred on this Court by 28 U.S.C. 1331 and 1343 because these claims arise under the laws of the United States, and by 42 U.S.C. 2000 (e), et seq, because Plaintiff seeks redress for acts of discrimination in employment on the basis of race, national origin, gender and age. Plaintiff invokes this Court's pendent jurisdiction with respect to her claims based on the law of the State of Ohio. The substantive federal claims are also brought under 42 U.S.C. 1983.

3. Venue is properly laid in the Southern District of Ohio, Western Division, under 28 U.S.C. 1391 (b) because plaintiff and defendants are all located within Hamilton County, Ohio and the claims arose within Hamilton County, Ohio.

4. On or about August 10, 2000, the plaintiff filed a Complaint with the Ohio Civil Rights Commission (OCRC) and the Equal Employment Opportunity Commission (EEOC) alleging race, national origin, gender and age discrimination and retaliation. (A copy of the above referenced charge is attached hereto as "Exhibit A").

5. On or August 25, 2000 the Equal Employment Opportunity Commission (EEOC) issued a " right to sue " letter to plaintiff. Plaintiff received this letter on August 26, 2000. ( A copy of the " right to sue " letter is attached hereto as "Exhibit B").

## II. PARTIES

6. The plaintiff, a citizen of the United States, and a resident of Cincinnati, Ohio, is a sixty – nine (69) year old Asian-American female.

7. The plaintiff was, at all times relevant, an employee of the Metropolitan Sewer District of the City of Cincinnati (hereinafter referred to as MSD), and Defendant Board of Commissioners ( hereinafter referred to as Board) and was most recently employed as a Laboratory Technician II in the Division of Industrial Waste Lab.

8. Defendant, City of Cincinnati (hereinafter referred to as "City of Cincinnati"), is a municipal corporation formed and existing under the laws of the State of Ohio as a charter form of government, with offices located at 801 Plum Street, Cincinnati, Ohio 45202, and is an "employer" under Title VII of the Civil Rights Act of 1991, as amended, 42 U.S.C. 2000e, and Ohio Revised Code Section 4112.99. Defendant City of Cincinnati is also subject to 42 U.S.C. 1983. MSD is a subdivision of the City and maintains a place of business at 1600 Gest Street, Cincinnati, Ohio 45204.

9. Defendant Board of County Commissioners of Hamilton County, Ohio (Hereinafter referred to as "Board") is a municipal corporation formed and existing under the laws of the State of Ohio as a charter form of government, with offices located at 138 East Court Street, Room 603, Cincinnati, Ohio 45202, and is an "employer" under Title VII of the Civil Rights Act of 1991, as amended, 42 U.S.C. 2000e, and Ohio Revised Code Section 4112.99. MSD is organized, owned and operated by Defendant Board pursuant to the provisions of Ohio Revised Code Section 6117. Defendant Board is also subject to 42 U.S.C. 1983.

10. Defendants John/Jane Doe 1-8 are employees, agents and/or officials of defendant City of Cincinnati MSD and/or Board, whose names and/or actions are currently unknown, but whom plaintiff believes acted under color of state law and/or clothed with official authority, and who violated or conspired to violate plaintiff's constitutional and civil rights and the provisions of Title VII of the Civil Rights Act of 1991, 42 U.S.C. Section 2000e, et seq, and Ohio Revised Code Section 4112.99.

### III. FACTS

11. From May 23, 1995 to the present, Defendant City of Cincinnati has employee plaintiff. Since May 1995, Defendant City of Cincinnati has, pursuant to a contract with Defendant Board, employed plaintiff, who is an Asian-American female, in various classifications, most recently as a Laboratory Technician 2 in its Metropolitan Sewer District. While Plaintiff was employed in that position, Tara Williams served as Plaintiff's immediate supervisor and Beverly Head served as Plaintiff's ultimate supervisor.

12. On or about May 25, 2000, plaintiff had permission and been authorized to use Sick With Pay (SWP) time on May 25, 2000 and May 26, 2000. Despite this permission, Defendant City of Cincinnati MSD charged plaintiff with being Absent Without Leave ("AWOL"). From May 26, 2000 until the present, Plaintiff has been wrongly reprimanded and her record reflects the AWOL charge.

13. As a result of the AWOL charge, Plaintiff has suffered lost pay and embarrassment.

14.     Other similarly situated Caucasian and male employees who were granted SWP or found to be AWOL were not disciplined and suffered no lost pay or embarrassment.

15.     Plaintiff is a well-educated, experienced chemist. She has thirty-five (35) years work experience. Plaintiff was a research associate at Proctor & Gamble for 13 years. She was also a Chemist at the United States Environmental Protection Agency (USEPA) and a Chemist at Duramed Pharmaceuticals. Throughout plaintiff's eight (8) years with the defendant City, she had requested for available Chemist positions within MSD. Throughout her employment at MSD, Ms. Ngo was promised promotions to the Chemist position. At all times relevant, plaintiff was qualified for the higher paying positions for which she was applying. At all times relevant, she was much more qualified than other male, Caucasian and other employees who were promoted to the Chemist position. Plaintiff consistently tested high enough for promotions for which she was passed.

16.     Throughout plaintiff's employment she has taken promotional exams in hopes of being promoted to the Lab Technician 3 position, and then to the Chemist position. Although placing very high on these promotion eligible exams, plaintiff has been discriminatorily neglected the right to pursue the available higher positions, including Chemist.

17.     At all times relevant, Defendant City has refused to consider plaintiff or higher paying positions for which she is qualified.

18.     Throughout plaintiff's employment at the Defendant City of Cincinnati, employees, agents, officers and managers of defendant City have in a variety of different ways, including the removal of plants from her desk when she was on vacation, despite no OSHA regulation or policy against plants, and despite the presence of plants at other employee's desks, unauthorized alterations to plaintiff's time cards by a fellow employee and other harassing and intimidating actions of which defendant City was routinely notified and routinely refused or failed to take corrective action.

19.     The actions of Defendants have caused Plaintiff extreme emotional distress, loss of her employment and personal degradation and humiliation.

20.     The actions of Defendants were taken in reckless disregard of Plaintiffs rights thereby entitling Plaintiff to punitive damages.

## IV. COUNT I

21.     Plaintiff realleges herein all the allegations set forth in paragraphs 1 through 20 of this Complaint as if fully rewritten herein.

22.     At all times relevant, defendant City and its officers, employees and agents treated plaintiff disparately on the basis of her race, national origin, and gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000 e, et seq.