UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **ANDREA L. NGO** | Cases No. C-1-00-961 |
| **Plaintiff,** | Judge Speigel |
| v. | |
| **CITY OF CINCINNATI, et al.,** | **DEFENDANTS' MOTION TO DISMISS** |
| **Defendants.** | |

The Defendants, City of Cincinnati (hereafter "City") and Board of County Commissioners, Hamilton County, Ohio (hereafter "Board") and John and Jane Does 1 through 8 (hereafter "Does") move this Court, pursuant to Rule 12 (b)(1) and (6), for a dismissal of this case. The grounds of this motion are set forth more fully in the attached Memorandum and Public Record Exhibits, which are incorporated herein.

Respectfully submitted,

**JULIA L. MCNEIL** (0043535)
City Solicitor

\s\Augustine Giglio
**AUGUSTINE GIGLIO** (0031911)
Assistant City Solicitor
Room 214, City Hall
801 Plum Street
Cincinnati, Ohio  45202
Ph.    (513) 352-3339
Fax.    (513) 352-1515
e-mail: gus.giglio@cincinnati-oh.gov
Trial Attorney for Defendants

1

## **MEMORANDUM IN SUPPORT**

**I.     INTRODUCTION**

The Plaintiff, an Asian-American female and a current employee of the City of Cincinnati, Metropolitan Sewer District (hereafter, "City") filed an amended complaint on January 29, 2004 (hereafter referred to as "Pl.'s Amend. Compl."). The amended complaint alleges that the Plaintiff was discriminated against because of her race, national origin and gender under Title VII, as well as discrimination based upon her age under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. 623. The Plaintiff also has brought corresponding actions under the State of Ohio Revised Code 4112.02 et seq., the Ohio Fair Labor Act, and the common law of Ohio.

In addition to naming the City of Cincinnati, Plaintiff has also named the Board of County Commissioners (hereafter "Board"); and John and Jane Does 1 through 8 (hereafter "Does").

Plaintiff was never treated differently than other similarly situated employees. No genuine issues of material fact exist as to Defendants Does' entitlement to qualified immunity from suit. The Defendant Board and City are not liable in that no violation of a Federal or state law has been committed. As a result, there remain no questions of material fact and this matter should be dismissed as a matter of law.

**II.    STATEMENT OF FACTS**

Plaintiff Andrea L. Ngo has been employed with the Defendant City through the Metropolitan Sewer District from approximately 1995 to the present. (Pl.'s Amend. Compl., ¶11.) She was originally hired as a Laboratory Technician 1 and later as a Laboratory Technician 2. (*Id.,* at ¶11)

Plaintiff alleges she was discriminated against because she was charged with being Absent Without Leave ("AWOL") on May 25 & 26, 2000. She further alleges that she was wrongfully reprimanded and that her records reflect the AWOL charge. (Pl.'s Amend. Compl., ¶12.)

Plaintiff alleges that throughout her employment, she has been discriminatorily neglected the right to pursue available higher positions, including Chemist, and Defendant City has refused to consider her for higher paying positions for which she alleges she is qualified. (Pl.'s Amend. Compl., ¶16 &17).

Plaintiff further alleges that throughout her employment with the Defendant "City" she notified Defendant "City" that agents, employees and managers of the Defendant "City" have removed plants and made unauthorized alterations to her time cards. She further alleges the Defendant "City" refused or failed to take any corrective action. (Pl.'s Amend. Compl., ¶18).

### III. LEGAL ARGUMENT

#### A. Standard of Review

When the defendant challenges the legal sufficiency of the plaintiff's pleadings against him, the Court can entertain a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and (6). According to the Sixth Circuit Court of Appeals, the plaintiff must do more than state legal conclusions to meet the pleading requirement. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences contained in the complaint. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987). Bare assertions of legal conclusions will not satisfy federal notice pleading requirements

*Scheid*, *supra*. The complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Id.*

District courts are permitted to take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *See, e.g., Kostrzewa v. City of Troy,* 247 F.3d 633, 644 (6th Cir. 2001); *Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1250 n.14 (5th Cir. 1997); *Doherty v. City of Chicago*, 75 F.3d 318, 325 n.4 (7th Cir. 1996); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994); *Pension Ben. Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196-97 (3rd Cir. 1993); *Marshall County Health Care Auth. v. Shalala*, 300 U.S. App. D.C. 263, 988 F.2d 1221, 1225 (D.C. Cir. 1993); *Allen v. Westpoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2nd Cir. 1991); 5A Wright & Miller § 1357, at 299 (noting the exemption applies to "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint"). This exception has allowed courts to avoid unnecessary proceedings when an undisputed fact in the public record establishes that the plaintiff cannot satisfy his burden.

Attached to this memorandum is the following public record: Exhibit No. 1- Application for Employment; Exhibit No. 2- Civil Service Commission minutes; Exhibit No. 3- Lab List; Tech Promotional Eligible List; Exhibit No. 4-Certification and Appointment for Lab Tech 3; Exhibit No.5- Chemist Promotional Eligible List.

In the present case, there are no factual allegations pled by the Plaintiff to show that Plaintiff was discriminated against or that a violation of any Federal or State law has

4

occurred. Since no factual evidence has been pled for which relief can be granted, the claims must fail, and the motion to dismiss in favor of the Defendants must be granted.

### B. Plaintiff's Complaint Fails to State a Claim Against Defendant Board of County Commissioners of Hamilton County, Ohio For Which Relief Can Be Granted.

In counts II, IV, VI, VIII and X of her Amended. Complaint, Plaintiff alleges violations of Title VII, Ohio Revised Code, ADEA, and intentional infliction of emotional harm as to Defendant "Board". These claims must fail for the following reasons:

1) The Defendant "Board" is not Plaintiff's employer. While the "Board" has authority under Ohio Revised Code to 6117 to establish sewer districts, etc., it is not the Plaintiff's employer. As noted by the attached Public Record,(See Job Application, Exhibit No. 1), Plaintiff is an employee of the Defendant City of Cincinnati.

2) Even if the "Board" was Plaintiff's employer, it was not named as the Respondent in Plaintiff's charge filed with the Equal Employment Opportunity Commission. (See EEOC Charge attached to Amended Complaint, dated August 10, 2000). Plaintiff must exhaust her administrative remedies before instituting an action in federal court. Here, Plaintiff did not name the Board of Commissioners in her charge. Plaintiff cannot now add the Board in her Federal suit.

3) The Plaintiff has failed to plead sufficient facts to maintain any claim of discrimination. It her Amended Complaint she makes summary and conclusory statements as to other similarly situated Caucasians and males being granted Sick with Pay status and not found AWOL or otherwise disciplined. (Pl.'s Amend. Compl., ¶14).

There is no similarly situated employee either male, Caucasian, or not in the protected age class that has been identified in the pleadings.

### C. Plaintiff has failed to plead the necessary elements of Title VII against Defendant City and Defendant Board.

Under the Title VII framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973). *Newman v. Federal Express Corp.*, 266 F.3d 401, 405 (6th Cir. 2001) Plaintiff can show a prima facie case of discrimination by: (1) establishing she is a member of a protected class; (2) was qualified for the job; (3) suffered an adverse employment decision; and (4) was treated less favorably than a similarly situated person outside the protected class. *Braithwaite v. Timken Co.*, 258 F.3d 488, 493 (6th Cir. 1995).

In this case, the Plaintiff, who is of Vietnamese nationality, can show that she is a member of a protected class. By not being promoted, it is arguable that she had suffered an adverse employment action. But Plaintiff fails to meet the remaining elements. The Plaintiff has not pled with any specificity that a member not in the protected class was promoted instead of her. She only makes summary statements that Caucasian males were promoted.

To establish disparate treatment, Plaintiff must show that she was treated differently than similarly situated employees because of her national origin, sex, race or age. She must produce evidence that relevant other employees are "similarly situated in all respects." *Mitchell v. Toledo Hosp.*, (6th Cir. 1992) 964 F.2d 577, 583, 1992 U.S. App. LEXIS 11505, *1, *16. Moreover, to be deemed "similarly situated," the individuals with whom Plaintiff seeks to compare her treatment must have dealt with the

6

same supervisor, have been subject to the same standards, and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the City's treatment of the Plaintiff. *Id*. at 583.

Plaintiff has only pled in her complaint in a conclusory fashion that she was treated differently than similarly situated employees.

In an attempt to meet the qualified prong, Plaintiff attempts to argue that she possessed more qualifications than those male, Caucasian. (Pl.'s Amend. Compl., ¶15). The only promotions known by Defendants to have been sought by Plaintiff during the relevant periods were those seeking the position of Chemist and Lab Tech 3. Civil Service, after petitions by several employees including the Plaintiff, determined that the position of Chemist was to be filled by competing examinations (see attached Civil Service Minutes, Exhibit 2). The other position of a Lab Tech 3 was certified on or about October 20, 1999. (See Promotional Eligible List and certification Exhibits 3 and 4.). The Chemist position had an examination date of March 8, 2001. (See attached Promotional Eligibility List Exhibit 5). If any earlier promotional opportunities were being alleged, they would be beyond the limitation period and barred accordingly.

The Chemist promotion exam was given and administered by the Civil Service Commission, who certified the eligibility list. Plaintiff scored tenth out of the ten passing candidates on the Promotional Eligibility List. (id). While claiming to be qualified, the attached public records confirm that for both positions of Lab Tech 3 and Chemist, Plaintiff did not finish at the top of the exam. As to the Chemist position, she finished tenth. As to the position of Lab Tech 3, as demonstrated in the Public Records submitted,

Plaintiff finished third. In both cases, Plaintiff has failed to demonstrate her qualifications exceeded any other employee competing for the position.

Since Plaintiff has failed to prove a necessary element to establish a prima facie element, that of "qualified", her Amended Complaint must fail as to claims of promotional discrimination.

### D. Plaintiff fails to state a claim for retaliation.

Plaintiff's charge filed with the EEOC (attached to Pl's Amend Compl) did not include a claim for retaliation. There is lack of subject matter jurisdiction. In order for the Federal Courts to have subject matter jurisdiction of Title VII claims, the claimant must first unsuccessfully pursue administrative relief. See *Love v. Pullman Co*. 404 U.S. 522, 523, 30 L. Ed. 2d 679, 92 S. Ct. 616 (1972) There was no exhaustion of Administrative remedies as to any retaliatory claim.  Plaintiff is now prohibited to raise counts VII and VIII in her Amended Complaint.

### E. Plaintiff's Amended Complaint fails to state a claim as to any allegation that the City or Board is subject to Section 1983.

In its preliminary paragraphs, Plaintiff alleges that Federal claims are brought under Section 1983. (Pl.'s Amend. Compl., ¶ 8 and 9). The only reference in the remainder of Pl's Amend Compl. appears in count II, ¶ 25. There is no pleading to substantiate any such claim. However, since it was mentioned, the Defendants wish to expressly request that any such claim be dismissed.

A city cannot be held liable for a 1983 claim based on a theory of *respondeat superior*, but rather must show that the city's official policy or custom was

8

discriminatory. *Smith v. Chicago Sch. Reform Bd. of Trustees*, 165 F.3d 1142, 1148 (7th Cir. 1999). The Plaintiff cannot show a prima facie case of discrimination. More importantly, in these pleadings the Plaintiff fails to identify any policy or custom of either the City or the Board. Therefore, any interpretation of the pleadings that would support a conclusion that a 42 U.S.C. §1983 claim is being made against the "City" or the Board" must be dismissed.

### F. Defendants "Does" are entitled to the defense of qualified immunity.

In a civil action for monetary damages, a state actor may assert the protection of qualified immunity for "discretionary acts that do not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known." *Goad v. Mitchell*, 297 F.3d 497, 501 (6th Cir. 2002). Where there is no federal right violated, if the alleged right violated was not clearly established at the time, or if the actor was reasonably mistaken in the action taken, then the defendant is entitled to qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 206, 121 S.Ct. 2151, 2156-57 (2001). Qualified immunity protects "all but the plainly incompetent and those who knowingly violate the law." *Malley v. Briggs,* 475 U.S. 335, 341, (1986).

The standard for qualified immunity is a three-prong test: (1) whether based upon the applicable law, the facts viewed in the light most favorable to the plaintiff show that a constitutional violation has occurred; (2) whether the violation involved a clearly established constitutional right of which a reasonable person would have known; and (3) whether the plaintiff has offered sufficient evidence "to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established

constitutional rights." *Feathers v. Aey*, 319 F.3d 843, 848 (2003) (citing *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (en banc)).  If the Plaintiff fails to prove any of the prongs, then Defendants Does are entitled to qualified immunity.

As previously stated, Plaintiff has not even shown that a constitutional violation has occurred.  Even assuming *arguendo* that Plaintiff's constitutional rights were violated, Plaintiff has not pled sufficient facts to show that the specific right was clearly established or that Defendant Does acted unreasonably.  As such, Defendant Does are entitled to the defense of qualified immunity and the claims against them should be dismissed for failure to state a claim.

### G. Plaintiff's Complaint fails to state a claim under the Age in Employment Act (ADEA)

Plaintiff's only allegation as to any discrimination in violation of ADEA and corresponding Ohio Rev. Code 4112.02 and 4112.14 appears in Counts V and VI of her amended Complaint. Other than a conclusory statement that both the Defendant "City" and "Board" violated the ADEA , 29 U.S.C. 623 and the corresponding Ohio Rev. Code 4112.02 and 4112.14,there are no facts pled establishing any discrimination based upon Plaintiff's age. As so pled, Plaintiff's claim alleging age discrimination must fail.

The Defendant "Board" reiterates the previous arguments stated for above excluding Defendant "Board" under Plaintiff's Federal claims since it was neither Plaintiff's employer during all relevant periods nor named as a Respondent in Plaintiff's EEOC charge.

**H.     Plaintiff's claim for intentional infliction of emotional harm fails to state a claim upon which relief may be granted**.

Plaintiff has failed to plead any facts to support a claim for intentional infliction of emotional harm.

The standard for recovery under a claim for intentional infliction of emotional harm was set out in *Yeager v. Local Union 20* (1983), 6 Ohio St. 3d 369, 453 N.E. 2d 666.

> … It has not been enough that the defendant has acted with an intent which is tortuous or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous'!
>
> … The liability clearly does not extent to mere insults, threats, annoyances, petty oppressions, or other trivialities… id.

In the present case, allegations of not being promoted or the removal of plants cannot rise to the level necessary to meet this standard. Since there is no facts pled even remotely approaching this standard, any intentional infliction of emotional stress claim against the Defendants should be dismissed.

IV. **CONCLUSION**

Plaintiff has not demonstrated that either the Defendant City, Board of County Commissioners for Hamilton County nor any John or Jane Does have violated any Federal or State law in which Plaintiff was the victim of discrimination or retaliation.

WHEREFORE, the Plaintiff's Complaint against the Defendants should be dismissed for all the reasons stated above.

        Respectfully submitted,

**JULIA L. MCNEIL** (0043535)
City Solicitor

/s/Augustine Giglio
**AUGUSTINE GIGLIO** (0031911)
Assistant City Solicitor
Room 214, City Hall
801 Plum Street
Cincinnati, Ohio 45202
Ph.   (513) 352-3339
Fax.  (513) 352-1515
E-mail: gus.giglio@cincinnati-oh.gov
Trial Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following David E. Hardin @ davidhardin29@yahoo.com, counsel

/s/ Augustine Giglio
AUGUSTINE GIGLIO ( 0031911)
Assistant City Solicitor
Trial Attorney for Defendants
Room 214, City Hall
Cincinnati, Ohio 45202
Telephone: (513) 352-3339
Fax (513) 352-1515
gus.giglio@cincinnati-oh.gov