David E. Hardin     (0066415)<br>Attorney for Andrea Ngo

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| ANDREA L. NGO<br>1697 Atson Lane<br>Cincinnati, Ohio 45205, | : | CASE NO. : C-1-00-961 |
| Plaintiff, | : | |
| vs. | : | Judge Spiegel |
| | : | |
| THE CITY OF CINCINNATI<br>c/o Julia L. McNeil, Solicitor<br>801 Plum Street<br>Room 214, City Hall<br>Cincinnati, Ohio 45202, | : | |
| and, | : | |
| BOARD OF COUNTY<br>COMMISSIONERS, HAMILTON<br>COUNTY, OHIO<br>138 East Court Street, Room 603<br>Cincinnati, Ohio 45202, | : | **SECOND AMENDED COMPLAINT<br>AND JURY DEMAND ENDORSED<br>HEREIN** |
| and, | : | |
| BEVERLY HEAD, Superintendent<br>Industrial Waste Division of<br>Metropolitan Sewer District<br>1600 Gest Street<br>Cincinnati, Ohio  45204, | : | |
| and, | : | |
| JOHN AND JANE DOES 1 THROUGH 8<br>Addresses Presently Unknown, | : | |
| Defendants. | : | |

1

**NOW COMES** Plaintiff, by and through counsel, and for her Second Amended Complaint asserts the following:

## I. INTRODUCTION

1. Plaintiff, Andrea L. Ngo, is a sixty-nine (69) year old, Asian-American female who brings this action to redress injury done to her by the Defendants' discriminatory treatment of her on the basis of her race, national origin and gender, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000 e et seq, providing for relief from discrimination in employment on the basis of race and gender; 42 U.S.C. 1983, and pursuant to Ohio Rev. Code 4112.02, applicable sections of the Ohio Fair Employment Practices Act prohibiting discrimination in employment on the basis of race and gender; and the common law of the State of Ohio.

Plaintiff also brings this action to redress injury done to her by the Defendants' discriminatory treatment on the basis of her age, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. 623, and pursuant to Ohio Rev. Code 4112.02, 4112.14 and the common law of the State of Ohio.

2. The jurisdiction of this Court over Counts I - X of this action is conferred on this Court by 28 U.S.C. 1331 and 1343, because these claims arise under the laws of the United States, and by 42 U.S.C. 2000 (e), et seq, because Plaintiff seeks redress for acts of discrimination in employment on the basis of race, national origin, gender and age. Plaintiff invokes this Court's pendent jurisdiction with respect to her claims based on the law of the State of Ohio. The substantive federal claims are also brought under 42 U.S.C. 1983.

3. Venue is properly laid in the Southern District of Ohio, Western Division, under 28 U.S.C. 1391 (b) because Plaintiff and Defendants are all located within Hamilton County, Ohio and the claims arose within Hamilton County, Ohio.

4. On or about August 10, 2000, the Plaintiff filed a Complaint with the Ohio Civil Rights Commission (OCRC) and the Equal Employment Opportunity Commission (EEOC) alleging race, national origin, gender and age discrimination and retaliation. (A copy of the above-referenced charge is attached hereto as Exhibit "A").

5. On or August 25, 2000 the Equal Employment Opportunity Commission (EEOC) issued a " right to sue " letter to Plaintiff. Plaintiff received this letter on August 26, 2000. (A copy of the " right to sue " letter is attached hereto as Exhibit "B").

## II. PARTIES

6. The Plaintiff, a citizen of the United States, and a resident of Cincinnati, Ohio, is a sixty–nine (69) year old Asian-American female.

7. The Plaintiff was, at all times relevant, an employee of the Metropolitan Sewer District of the City of Cincinnati (hereinafter referred to as MSD), and Defendant Board of Commissioners (hereinafter referred to as Board) and was most recently employed as a Laboratory Technician II in the Division of Industrial Waste Laboratory.

8. Defendant, City of Cincinnati (hereinafter referred to as "City of Cincinnati"), is a municipal corporation formed and existing under the laws of the State of Ohio as a charter form of government, with offices located at 801 Plum Street, Cincinnati, Ohio 45202, and is an "employer" under Title VII of the Civil Rights Act of 1991, as amended, 42 U.S.C. 2000e, and Ohio Revised Code Section 4112.99. Defendant City of Cincinnati is also subject to 42 U.S.C. 1983. MSD is a subdivision of the City and maintains a place of business at 1600 Gest Street, Cincinnati, Ohio 45204.

9. Defendant Board of County Commissioners of Hamilton County, Ohio (hereinafter referred to as "Board") is a municipal corporation formed and existing under the laws of the State of Ohio as a charter form of government, with offices located at 138 East Court Street, Room 603, Cincinnati, Ohio 45202, and is an "employer" under Title VII of the Civil Rights Act of 1991, as amended, 42 U.S.C. 2000e, and Ohio Revised Code Section 4112.99. MSD is organized, owned and operated by Defendant Board pursuant to the provisions of Ohio Revised Code Section 6117. Defendant Board is also subject to 42 U.S.C. 1983.

10. Defendant Beverly Head is the Superintendent of the Industrial Waste Division of MSD. Her principal place of business is located at 1600 Gest Street, Cincinnati, Ohio 45204. Defendant Head acted under the color of state law and is the Plaintiff's ultimate supervisor and as such, is the one who ultimately violated Plaintiff's constitutional rights and the provisions of Title VII of the Civil Rights Act of 1991, 42 U.S.C. Section 2000 e, et seq. and Ohio Revised Code Section 4112.99.

11. Defendants John/Jane Doe 1-8 are employees, agents and/or officials of Defendant City of Cincinnati MSD and/or Board, whose names and/or actions are currently unknown, but whom Plaintiff believes acted under color of state law and/or clothed with official authority, and who violated or conspired to violate Plaintiff's constitutional and civil rights and the provisions of Title VII of the Civil Rights Act of 1991, 42 U.S.C. Section 2000e, et seq, and Ohio Revised Code Section 4112.99.

### III. FACTS

12. From May 23, 1995 to the present, Defendant City of Cincinnati has employed Plaintiff. Since May 1995, Defendant City of Cincinnati has, pursuant to a contract with Defendant Board, employed Plaintiff, an Asian-American female, in various classifications, most recently as a Laboratory Technician 2 in its Metropolitan Sewer District. While Plaintiff was employed in that position, Tara Williams served as Plaintiff's immediate supervisor and defendant Beverly Head served as Plaintiff's ultimate supervisor.

13.     On or about May 25, 2000, Plaintiff had permission and was authorized to use Sick With Pay (SWP) time on May 25, 2000 and May 26, 2000. Despite this permission, Defendant City of Cincinnati MSD, by and through its agents, and without justification, refused her doctor's note and wrongfully charged Plaintiff with being Absent Without Leave ("AWOL"). From May 26, 2000 until the present, Plaintiff has been wrongly reprimanded and her record reflects the AWOL charge, all based on discriminatory treatment by Defendants.

14.     As a result of the wrongful AWOL charge, as well as the following instances of discrimination, Plaintiff has suffered lost pay and embarrassment.

15.     Other similarly situated Caucasian and male employees who were granted SWP or found to be AWOL were not disciplined and suffered no lost pay or embarrassment.

16.     Plaintiff is a well-educated, experienced chemist. She has thirty-five (35) years work experience. Plaintiff was a research associate at Proctor & Gamble for 13 years. She was also a Chemist at the United States Environmental Protection Agency (USEPA) and a Chemist at Duramed Pharmaceuticals. Throughout Plaintiff's eight (8) years with Defendant City and MSD, she had requested available Chemist and Laboratory Technician III positions within MSD. All of which would be considered promotional positions. Throughout her employment at MSD, Ms. Ngo was promised promotions to the Chemist position. One specific representation came from her Supervisor Tara Williams. At all times relevant, Plaintiff was qualified for the higher paying positions for which she was applying. At all times relevant, she was much more qualified than other male, Caucasian, and other employees who were promoted to the Chemist position. During much of the operative periods at question, there was no promotional eligible examinations in place to fill open positions as Laboratory Technician III and Chemist. All open positions during the relevant periods were filled via "Exceptional Appointments" by individuals outside Plaintiff's protected class in violation of Title VII of the Civil Rights Act. Plaintiff consistently tested high enough for promotions for which she was passed.

17.     During much of the relevant period hereto, Defendant City of Cincinnati maintained a policy of filling open Laboratory Technician III and Chemist positions via "Exceptional Appointments." These Exceptional Appointments were at the whim of Plaintiff's supervisors. Several promotional positions for which Plaintiff was qualified were filled by Caucasian and/or male employees outside Plaintiff's protected class through the policy of "Exceptional Appointments," foreclosing Plaintiff for promotions.

18.     Throughout the remainder of Plaintiff's employment she has taken various promotional eligible exams in hopes of being promoted to the Lab Technician III position, and then on to the Chemist position. Although placing very high on these promotion eligible exams, Plaintiff has been discriminatorily neglected the right to pursue the available higher positions, including Chemist. The Chemist position was only open to Laboratory Technician III's. Therefore, Defendants' refusal to promote Plaintiff foreclosed her from the Chemist position, one for which is was well-qualified by her experience.

19.      At one specific juncture during the relevant portion of her employment with MSD,

Plaintiff was the next Laboratory Technician III in line for an open position. At this relevant time, a Chemist position was also open to be filled. More than six (6) months passed without a promotion to an open Chemist position. Defendant Head discriminatorily failed to interview and/or promote a Laboratory Technician III into the open Chemist position merely to avoid placement of Plaintiff into this next available position of Laboratory Technician III. Rather, she waited until the eligibility expired and a white male employee Tim O'Kane, was ultimately given this promotional position.

20. At all times relevant, Defendant City has refused to consider Plaintiff in these "Exceptional appointments" for higher paying positions for which she is qualified, in violation of Title VIII and Ohio Revised Code Section 4112.99.

21. Throughout Plaintiff's employment at the Defendant City of Cincinnati, employees, agents, officers and managers of defendant City have in a variety of different ways, including the removal of plants from her desk when she was on vacation, despite no OSHA regulation or policy against plants, and despite the presence of plants at other employee's desks, unauthorized alterations to Plaintiff's time cards by a fellow employee and other harassing and intimidating actions of which defendant City was routinely notified and routinely refused or failed to take corrective action. Other similarly situated Caucasian and/or male employees, outside Plaintiff's protected classification, were allowed to keep plants, etc. and were spared the constant scrutiny and discrimination suffered by Plaintiff.

22. The actions of all named Defendants have caused Plaintiff extreme emotional distress, loss of her employment and personal degradation and humiliation. Plaintiff's physician, Dante S. Raneses, M.D., has linked Plaintiff's extreme emotional distress to the discrimination she has suffered at the hands of Defendants (attached hereto as Exhibit "C").

23. The actions of Defendants were taken in reckless disregard of Plaintiffs rights thereby entitling Plaintiff to punitive damages.

### IV. COUNT I

24. Plaintiff realleges herein all the allegations set forth in paragraphs 1 through 23 of this Complaint as if fully rewritten herein.

25. At all times relevant, defendant City, and its officers, employees and agents, and/or Defendant Head, treated Plaintiff disparately on the basis of her race, national origin, and gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000 e, et seq.

26. As a direct and proximate result of said disparate treatment, Plaintiff has suffered a substantial loss of compensation in excess of One Hundred Thousand Dollars ($100,000.00), loss of opportunity and a loss of reputation. Further, Plaintiff has suffered humiliation, embarrassment, loss of self esteem, adverse working conditions, harassment and loss of time and money endeavoring to protect herself from Defendants City of Cincinnati and Head's unlawful

discrimination, including costs and attorneys fees.

## V. <u>COUNT II</u>

27.     Plaintiff realleges herein all the allegations set forth in paragraphs 1 through 26 of this Complaint as if fully rewritten herein.

28.     At all times relevant, Defendant Board and its officers, employees and agents treated Plaintiff disparately on the basis of her race, national origin and gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq., and the Fourth and Fourteenth Amendments to the United States Constitution.

29.     As a direct and proximate result of said disparate treatment, Plaintiff suffered a substantial loss of compensation, loss of opportunity and a loss of reputation.  Further, Plaintiff has suffered humiliation, embarrassment, loss of self-esteem, adverse working conditions, harassment and loss of time and money endeavoring to protect herself from Defendant Board's unlawful discrimination, including costs and attorney fees.

## VI. <u>COUNT III</u>

30.     Plaintiff restates herein all the allegations set forth in paragraphs 1 through 29 of this Complaint as if fully rewritten herein.

31.     Defendants City and Head's discriminatory treatment of Plaintiff because of her race, national origin and gender violates Ohio Revised Code Section 4112.02 and 4112.99.

32.     As a result of Defendants City of Cincinnati and Head's discriminatory conduct, Plaintiff has been damaged as set forth in more detail in this Complaint.

## VII. <u>COUNT IV</u>

33.     Plaintiff realleges herein all the allegations set forth in paragraphs 1 through 32 of this Complaint as if fully rewritten herein.

34.     Defendant Board's discriminatory treatment of Plaintiff because of her race, national origin, and gender violates Ohio Revised Code Sections 4112.02 and 4112.99.

35.     As a result of Defendant Board's discriminatory conduct, Plaintiff has been damaged as set forth in more detail in this Complaint.

## VIII. <u>COUNT V</u>

36. Plaintiff realleges herein all the allegations set forth in paragraphs 1 through 35 of this Complaint as if fully rewritten herein.

37. Defendants City and Head's discriminatory treatment of Plaintiff because of her age violates the ADEA, 29 U.S.C. 623 and Ohio Rev. Code section 4112.02 and 4112.14.

38. As a result of Defendants City and Head's discriminatory conduct, Plaintiff has been damaged as set forth in more detail in this Complaint.

### IX. COUNT VI

39. Plaintiff realleges herein all the allegations set forth in paragraphs 1 through 38 of this Complaint as if fully rewritten herein.

40. Defendant Board's discriminatory treatment of Plaintiff because of her age violates the ADEA , 29 U.S.C., 623 and Ohio Rev. Code sections 4112.02 and 4112.14.

41. As a result of Defendant Board's discriminatory conduct, Plaintiff has been damaged as set forth in more detail in this Complaint.

### X. COUNT VII

42. Plaintiff realleges herein all the allegations set forth in paragraphs 1 through 41 of this Complaint as if fully rewritten herein.

43. The Defendants City and Head retaliated against Plaintiff for pursuing her rights under federal and state law.

44. As a result of Defendants City and Head's discriminatory conduct, Plaintiff has been damaged as set forth in more detail in this Complaint.

### XI. COUNT VIII

45. Plaintiff realleges herein all the allegations set forth in paragraphs 1 through 44 of this Complaint as if fully rewritten herein.

46. The Defendant Board retaliated against Plaintiff for pursuing her rights under federal and state law.

47. As a result of Defendant Board's discriminatory conduct, Plaintiff has been damaged as set forth in more detail in this Complaint.

### XII. COUNT IX

48.  Plaintiff realleges herein all the allegations set forth in paragraphs 1 through 47 of this Complaint as if fully rewritten herein.

49.  The conduct of Defendants City, by and through its agents, and/or Head as alleged hereinabove, constitutes an intentional, knowing and reckless infliction of emotional harm.

50.  As a direct and proximate result of said intentional conduct, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, anxiety, stress and emotional trauma in an amount to be more fully determined at trial.

### XIII. COUNT X

51.  Plaintiff realleges herein all the allegations set forth in paragraphs 1 through 50 of this Complaint as if fully rewritten herein.

52.  The conduct of the Defendant Board, by and through its agents, alleged hereinabove, constitutes an intentional, knowing and reckless infliction of emotional harm.

53.  As a direct and proximate result of said intentional conduct, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, anxiety, stress and emotional trauma in an amount to be more fully determined at trial.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests this Court to :

(a)  Enter a judgment finding that Defendants City of Cincinnati, Board and Head have violated federal and Ohio law as set forth above;

(b)  Award damages that will reasonably compensate Plaintiff for her damages, including loss of employment opportunities and accompanying health care benefits as set forth above;

(c)  Award Plaintiff an amount to be determined at trial for humiliation, embarrassment, loss of reputation, loss of self-esteem, emotional distress and pain and suffering;

(d)  Award Plaintiff punitive damages in the amount of $ 100,000.00;

(e)  Award Plaintiff reasonable attorney fees and costs of this action; and

(f)  Grant Plaintiff such other and further relief as may be just and equitable.

Respectfully submitted,

/s/ David E. Hardin
David E. Hardin                    (0066415)
Attorney for Plaintiff Andrea L. Ngo
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, Ohio 45202-4322
(513) 721-7300

## DEMAND FOR TRIAL BY JURY

Pursuant to the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues so triable.

/s/ David E. Hardin
David E. Hardin                    (0066415)