UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ANDREA L. NGO | Cases No. C-1-00-961 |
|     Plaintiff, | Judge Speigel |
| v. | |
| CITY OF CINCINNATI, et al., | DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS |
|     Defendants. | |

In accordance with the order of the Court dated March 18, 2004, and in response to Plaintiff's Second Amended Complaint, the Defendants wish to submit this supplemental memorandum to address any new allegations in support of its pending motion to dismiss. As part of this supplemental memorandum in support of the pending Motion to Dismiss, the Defendants incorporate by reference their original memorandum in support of Dismissal.

    I.    **Newly named Defendant Beverly Head should be dismissed as a defendant under Title VII and under any claim pursuant to 42 U.S.C § 1983.**

        **a) Defendant Head is not an employer under Title VII.**

Plaintiff has for the first time in her Second Amended Complaint named as a Defendant, Beverly Head, Superintendent of the Industrial Waste Division of MSD. Ms. Head, as a supervisor for the Defendant, City of Cincinnati, department of MSD, cannot be held liable under either Title VII.

When Plaintiff filed her complaint with the Equal Employment Opportunity Commission, Ms. Head was not a named Respondent. As an individual, she is not an employer contemplated under the Civil Rights Act of 1964. See *Wathen v. Gen. Elec. Co.,* 115 F.3d 400, 405 (6th Cir. 1997). As an individual non-employer, therefore, Defendant Head cannot be held liable under Title VII.

b)     **Defendant Head has qualified Immunity from any theory of recovery alleged under 42 U.S.C. § 1983.**

As previously argued in Defendants' original memorandum in support of dismissal, the Plaintiff has failed to identify that any unconstitutional violation has occurred. Even if Plaintiff's Second Amended Complaint would arguably contain sufficient pleadings of an unconstitutional violation, there is no pleading to support that Defendant "Does" and Defendant Head actions were objectively unreasonable. *Feathers v. Aey* (citation omitted).

c)     **Defense of applicable Statute of Limitations.**

Any claim against Defendant Head would also fail for not having been brought within the applicable Statute of Limitations. The Statute of Limitations for any actions filed in Ohio under 42 U.S.C. Section 1983 is two years. See *Browning v. Pendleton,* 869 F. 2d 989, 992 (6th Cir. 1989).

In the present case Plaintiff alleges discriminatory treatment regarding Absence without leave. See ¶13 of Plaintiff's Second Amended Complaint. The alleged most recent denial of promotion was based upon the certification and appointment of Lab Tech III ) dated 10/3/99 (see Defendants' Exh 3 to the original memorandum in support their

Motion to Dismiss) and the Civil Service examination results which was held on March 8, 2001 where Plaintiff placed last. (See Exh 5, to Defendants' original memorandum in support of Dismissal).

Allegations relating to removal of plants although no dates given in the complaint are noted in Plaintiff's attached EEOC affidavit to have occurred in 1999. Since all occurrences giving rise to Plaintiff's allegations are beyond two years from the naming of Ms. Head as a party defendant, such claims fail for not being brought within the applicable statute of limitations.

Although Defendants have incorporated their previous arguments as they pertain to the remaining claims, it is important to address a new allegation contained in ¶19 of Plaintiff's Second Amended Complaint. That particular allegation alleges that Defendant Head discriminatorily failed to interview and/or promote Plaintiff until the eligibility expired to promote a White male, Tim O'Kane. As demonstrated by public records from the City of Cincinnati, there is no basis for this allegation. The public records from the city's data-base reflect that Mr. Kane has been and is today a Lab Tech 2. (See attached Exh 1 and 2).

## II.  CONCLUSION

Plaintiff has not demonstrated that either the Defendant City, Board of County Commissioners for Hamilton County, any John or Jane Does nor Beverly Head violated any state or federal law in which Plaintiff was the victim of discrimination or retaliation.

WHEREFORE, the Plaintiff's Complaint against the Defendants should be dismissed for all the reasons stated above.

Respectfully submitted,

**JULIA L. MCNEIL** (0043535)
City Solicitor

/s/Augustine Giglio
---
**AUGUSTINE GIGLIO** (0031911)
Assistant City Solicitor
Room 214, City Hall
801 Plum Street
Cincinnati, Ohio  45202
Ph.     (513) 352-3339
Fax.    (513) 352-1515
E-mail: gus.giglio@cincinnati-oh.gov
Trial Attorney for Defendants

CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following David E. Hardin @ davidhardin29@yahoo.com, counsel.

/s/ Augustine Giglio
---
AUGUSTINE GIGLIO ( 0031911)
Assistant City Solicitor
Trial Attorney for Defendants
Room 214, City Hall
Cincinnati, Ohio 45202
Telephone: (513) 352-3339
Fax (513) 352-1515
gus.giglio@cincinnati-oh.gov