David E. Hardin    (0066415)<br>
Attorney for Andrea Ngo

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| ANDREA L. NGO, | : | CASE NO. : C-1-00-961 |
| Plaintiff, | : | |
| | | Judge Spiegel |
| vs. | : | |
| THE CITY OF CINCINNATI, et al., | : | *PLAINTIFF'S MEMO IN OPPOSITION TO* |
| Defendants. | : | *DEFENDANT CITY'S MOTION TO DISMISS* |

### I. **INTRODUCTION**

Defendant City of Cincinnati has moved to dismiss Plaintiff's Complaint, arguing the following:

1. That Plaintiff has plead no factual allegations to show that she was discriminated against or that a violation of any federal or state law has occurred;
2. That Defendant Board of County Commissioners of Hamilton County, Ohio, is not Plaintiff's employer and, in the alternative, if the Board was Plaintiff's employer, it was not named as a Respondent in Plaintiff's charge filed with the Equal Employment Opportunity Commission ("EEOC");
3. That Plaintiff has failed to plead sufficient facts to maintain any claim of discrimination against the Board;
4. That Plaintiff has failed to plead the necessary elements of a Title VII action against the Defendant City and Defendant Board;
5. That Plaintiff has failed to state a claim for retaliation;
6. That Plaintiff has failed to state a claim under Section 1983; and
7. That Plaintiff has failed to state a claim under the Age and Employment Act or a claim for intentional infliction of emotional distress.

Finally, the City argues that it is entitled to a dismissal of all state claims.

## II. ARGUMENT

Defendant City is confined to the allegations of Plaintiff's Complaint, Amended Complaint and Second Amended Complaint. The City's facts and theories beyond the Complaint are not within the purview of Rule 12(b)(6).

Since the filing of the City's Motion to Dismiss, the Court has given leave and a Second Amended Complaint has been filed by Plaintiff supplementing the facts underlying the instant claim. Therefore, this Memorandum in Opposition will address both the Defendant's Motion to Dismiss and Defendant's Supplemental Memorandum in Support of Motion to Dismiss.

Defendant City supports its motion with five (5) "public records" as exhibits. Exhibit 1 is Plaintiff's application for employment. Exhibit 2 is an undated page from the Civil Service Commission Minutes, which notes a request from the Metropolitan Sewer District that the position of Chemist be advertised as open to the public/exceptional appointment. Exhibit 2 states: "Ms. Head indicated that the position has traditionally been filled using the exceptional process, but most often resulted in appointing individuals within MSD." Exhibit 2 also supports and adds credence to the Plaintiff's claims in her Second Amended Complaint. Paragraph 20 alleges that Defendant City "has refused to consider Plaintiff in these exceptional appointments for hire in positions which she is qualified, in violation of Title VII, Ohio Revised Code Section 4112.99. Exhibit 2 evidences the City's previous policy of exceptional appointments in circumstances where it wishes to bypass undesired, yet qualified applicants.

Plaintiff's Complaint, Amended Complaint and Second Amended Complaint, all also reference and incorporate Plaintiff's Charge of Discrimination filed with the Equal Employment Opportunity Commission ("EEOC") on August 10, 2000. Each of the allegations contained within the charge of

discrimination and its Affidavit must be included within the framework of the Complaints filed, and its contents must be construed and examined in any Motion to Dismiss filed pursuant to Rule 12(b)(6). The Charge of Discrimination contains several specific facts which further support Plaintiff's claims.

Namely, Plaintiff affirms that she has received lower performance appraisals on June 2nd, 2000. She also alleges that she was given a written reprimand on November 4th, 1999. It was not until May 30, 2000, though, that she was black-marked by the City as "absent without leave" (AWL).

Plaintiff further alleges that she was treated in a disparate manner as it relates to plants in her workspace. Plaintiff specifically names three similarly situated employees who were allowed to maintain plants in their lab space at MSD. Plaintiff, on the other hand, was reprimanded by her supervisor, on November 4th, 1999, and charged with insubordination for failure to comply with direct orders of the supervisor to remove the plants. She also alleges that the plants were removed from her benches and were basically destroyed by her ultimate supervisor, Beverly Head. All of these allegations are contained within the Affidavit and are incorporated into the body of the Complaints for purposes of Rule 12(b)(6).

Defendant City has provided no documentation to refute several of these factual allegations.

Defendant City continues that the Plaintiff has failed to state a claim under Title VII, against Defendant City and Defendant Board. The City, in its motion, concedes that Plaintiff has met the first element, that she is a member of the protected class. Further, Defendant also concedes that she has suffered an adverse employment action. Therefore, the two remaining elements of a Title VII action, qualification for the job; and treatment less favorably than a similarly situated person outside the protected class must still be alleged, according to Defendant City.

As it relates to qualifications for the job, Plaintiff's Second Amended Complaint notes that, "she has thirty-five years work experience." Plaintiff was a Research Associate at Proctor & Gamble for thirteen (13) years. She was also a Chemist at the United States Environmental Protection Agency and a Chemist at Duramed Pharmaceuticals. Clearly, she is qualified for the position.

Paragraph 16 of the Second Amended Complaint also specifically asserts that Plaintiff requested available Chemist and Laboratory Technician III positions, which she would consider promotional positions and that she was promised promotions to the Chemist position. Plaintiff specifically represents that one of these came from her supervisor, Tara Williams. These allegations are also supported by the Affidavit attached to Plaintiff's Charge of Discrimination.

Plaintiff further asserts that during most of the operative period prior to her filing the charge of discrimination with the EEOC, that there was no promotional eligible examination in place to fill open positions as a Laboratory Technician III and Chemist. As referenced above, the City, in its Motion to Dismiss, has attached, "public records" which support this allegation. Exhibit 2 of the City's Motion to Dismiss confirms that the Commission finally approved the Chemist position vacancy as a Promotional Eligible Exam as opposed to an exceptional appointment. It was only then that Plaintiff was allowed to participate in the promotional process.

Paragraph 19 of Plaintiff's Second Amended Complaint specifically pleads that Plaintiff was the, "next Laboratory Technician III in line for an open position." At this relevant time, a Chemist position was also to be filled. More than six (6) months passed without promotion to an open Chemist position. Based on the above, Plaintiff has pled specifically that she was qualified for the position of Laboratory Technician III and Chemist I. These allegations cannot and have not been refuted by the Defendant through its Motion and/or through its public records exhibits.

Thus, the only remaining element to be pled for a successful Title VII action against the Defendant City and Board would be that Plaintiff was treated less favorably than a similarly situated person outside the protected class. Plaintiff has again pled that she was treated differently from similarly situated people outside of her protected class. Plaintiff is a seventy (70) year old Vietnamese woman. She is in a protected age class, national origin class, and gender class. Therefore, each of these protected classes must be considered in the 12(b) Motion to Dismiss.

It is well settled that in judging a Motion to Dismiss pursuant to Rule(b)(6), the Court must construe the Complaint liberally in Plaintiff's favor and accept all factual allegations and permissible inferences as true. The case of *Sistrunk v. City of Strongville*, 99 F.3d. 194, 197 (6th Cir. 1996). In fact, a Court "should deny [such a] Motion [***unless it is clear that the Plaintiff can prove no sets of facts in support of her claim that would entitle her to relief.***"] Case of Miller v. Currie (50 F.3d. 373-377) (6th Cir. 1995) (emphasis added).

Plaintiff has alleged in both her Charge of Discrimination and throughout her Complaint that she suffered adverse employment actions as a result of her national origin, age and/or gender. She specifically pleads that three other female employees who are not in her protected age class nor in her protected national origin class, were allowed to maintain plants on their desks when Plaintiff was told to remove them. Further Plaintiff pleads, in the body of her Complaints, and in the Charge of Discrimination, that she was reprimanded as insubordinate for her failure to voluntarily do so and that she received a loss of income as a result of an AWL stemming from the incident.

Further, each of these specific instances are linked to her ultimate supervisor, Beverly Head, in both the Charge of Discrimination and the Second Amended Complaint.

5

It is clear throughout the body of the Second Amended Complaint and the attachments thereto, that Plaintiff did suffer adverse employment decision, that she was a member of the protected class, she was qualified for the job for which she was seeking, and that she was treated less favorably than similarly situated persons outside of any one of the three protected classes she was in during the relevant period of time.

Defendant City also moves for dismissal based on the notion that Plaintiff fails to state a claim for retaliation. The City in its Motion to Dismiss notes that the charge filed with the EEOC did not include a claim for retaliation. Although the box on the Charge of Discrimination marked "retaliation" is not checked, there are specific allegations of retaliation contained within the Charge of Discrimination. Namely, Plaintiff was given a written reprimand by Tara Williams and charged with insubordination for failure to comply with a direct order to remove her plants. The Affidavit continues that her request for a printer that was inoperable were ignored by her superiors, Williams and Ty Gouda. As it relates to the computer, Plaintiff specifically and without equivocation, notes that when a new computer arrived for her, it was given to a white male named Tom O'Kane. Once again, this can be construed as retaliation for her failure to remove the plants in a timely manner.

The attached page 1 of the Charge of Discrimination continues that "in 1999, Ms. Williams gave me a superior evaluation advising that I was an excellent technician. On June 2, 2000, she gave me a does not meet expectations "on rules and regulations for failure to follow directives and insubordination." This, too, can be construed as retaliation against Plaintiff and as an adverse employment action taken against her.

Plaintiff continues by alleging loss of income and reputation as well as emotional distress based on the City's discriminatory treatment. Each of these allegations are contained within her sworn Affidavit and have not been disproved by the Defendant in its Motions.

Defendant City's Motion to Dismiss also alleges that the Plaintiff's Amended Complaints fail to state a claim as to any allegation that the City or Board is subject to Section 1983. More specifically, the City notes that the Plaintiff has failed to show that the City's official policy or custom was discriminatory. This, too, has been corrected and plead in the Second Amended Complaint.

Plaintiff's Second Amended Complaint, in paragraphs 16, 17 and 18, all reference a City policy to exceptionally appoint individuals from the outside to avoid promotion of certain employees. Once again, none of these allegations contained in both the Second Amended Complaint and the Charge of Discrimination, have been factually defeated by the City in its Motion to Dismiss or Supplemental Memorandum.

For Rule 12(b)(6) purposes, the Plaintiff has established a claim for relief under Section 1983.

Finally, each of the other claims contained within Plaintiff's Complaint, Amended Complaint and Second Amended Complaint, also contained factual support in the form of the Charge of Discrimination filed with the EEOC on August 10, 2000. Therefore, for purposes of the Motion to Dismiss, each of these allegations should be construed in a manner most favorably to the Plaintiff and the Court should accept all of these factual allegations and permissible inferences as true. *Sistrunk.*

### III. CONCLUSION

Plaintiff's Second Amended Complaint sufficiently sets forth the City's unconstitutional policy

as it relates to exceptional appointments. Further, each of Plaintiff's claims contained in the Second Amended Complaint are supported by facts which have not sufficiently been refuted by the Defendant in its Motion to Dismiss. Once again, it is well settled that in judging a Motion to Dismiss pursuant to Rule 12(b)(6), a Court must construe the Complaint liberally in a Plaintiff's favor and accept all factual allegations and permissible inferences as true.

Since Plaintiff has complied with the pleading rules and has expressly alleged a policy and practice of Defendant City of Cincinnati, the City's Motion to Dismiss should be denied.

For the foregoing reasons, Defendant's Motion to Dismiss with regard to the sufficiency of the Amended Complaint and the Second Amended Complaint should be denied.

Respectfully submitted,

/s/ David E. Hardin
David E. Hardin                    (0066415)
Attorney for Plaintiff Andrea L. Ngo
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, Ohio 45202-4322
(513) 721-7300
(513) 721-7008 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2004, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system which will send notification of such filing to the following: Julia L. McNeil, City Solicitor and Augustine Giglio, Assistant City Solicitor.

/s/ David E. Hardin
David E. Hardin                    (0066415)