## UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| **ANDREA L. NGO** | **Cases No. C-1-00-961** |
| **Plaintiff,** | **Judge Spiegel** |
| **v.** | |
| **CITY OF CINCINNATI, et al.,** | **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |
| **Defendants.** | |

Defendants' original Motion to Dismiss was filed in response to Plaintiff's First Amended Complaint on March 10, 2004. After the Court granted leave for Plaintiff to file a Second Amended Complaint, filed on March 26, 2004, the Defendants submitted a supplemental memorandum supporting their Motion to Dismiss on April 5, 2004. The Plaintiff submitted no response until September 13, 2004. The Defendants are assuming that the Court is accepting the Plaintiff's memorandum in opposition filed on September 13, 2004 and therefore submit the following Reply Memorandum.

Defendants incorporate their original arguments in their supporting memoranda. The Defendants take exception to Plaintiff's position that they are confined to the pleadings. As previously argued, the Court may take judicial notice through public records without converting a motion to dismiss into a motion for summary judgment. See *Kostrzewa v. City of Troy*, 247 F. 3d 633, 634 (6th Cir.2001)

**Plaintiff fails to state any claim against the Board of County Commissioners.**

Defendants' argument that the Board of County Commissioners is not a proper party to this action or the fact that it is not the employer of the Plaintiff and not subject to suit under either Title VII or 42 U.S.C. §1983 has not been addressed in Plaintiff's response. There is no pleading to support the necessary element of a 1983 action against the County Commissioners. No policy or custom is identified nor any facts to support that it an employer who was even in a position to violate any constitutional right. There is also no response to the fact that the Board was not named in the EEOC claim as a respondent and only named for the first time when suit was filed.

**Plaintiff fails to state a claim under Title VII against the City and Defendant Board.**

Of the required elements to establish a prima facie case of discrimination, the only conceded element is Plaintiff's protected class. While the Defense acknowledged there was an argument of an adverse action in the allegation of not being promoted, the facts established through public records clearly establish Plaintiff did not suffer any adverse action as a result of her class. There is no causal relationship between her protected class and the failure to be promoted. Plaintiff does not establish any qualification for the position other than as previously argued her years of experience and education. The facts as demonstrated by Public Record, that she scored below others in competitive Civil Service examinations for the position mentioned is uncontested.

Plaintiff alleges that a denial of maintaining plants while others outside of her protected class were allowed to maintain them on their desks amounts to an adverse employment action. Although the Defendants dispute these facts, assuming *arguendo*, that the facts are identical, Plaintiff has failed to plead any adverse action.

In _Hollins v. Atlantic Co.,_ 188 F.3d 652 (6th Cir. 1999), the court noted the requirements for establishing a materially adverse employment action:

> [A] Materially adverse change in the terms and conditions of employment must be more disruptive than a mere inconvenience or an alteration of job responsibilities. A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation.

_Id._ at 662. This Court has consistently held that de minimus employment action are not materially adverse and, thus, not actionable. See, e.g., _Jacklyn v. Schering Plough Healthcare Prod.,_ 176 F.3d 921, 930 (6th Cir. 1999) (holding that "neither requiring plaintiff to work at home while she was recovering from out-patient surgery, nor rejecting computer expenses that previously had been approved were materially adverse employment actions"); _Jackson v. City of Columbus_, 194 F.3d 737 (6th Cir. 1999) (holding that police chief's suspension with pay was not an adverse employment action); Hollins, 188 F.3d at 662 (6th Cir. 1999) (holding that "[s]atisfactory ratings in an overall evaluation, although lower than a previous evaluation, will not constitute an adverse employment action where the employee receives a merit raise"); _Kocsis v. Multi-Care Management_, 97 F.3d 876, 885 (6th Cir. 1996) (holding that "reassignments without salary or work changes do not ordinarily constitute adverse employment decisions in employment discrimination claim"). Applying these principles to Plaintiff's claimed slights as they relate to allowing plants, such actions would not establish a materially adverse employment action. Although Plaintiff alleges she was reprimanded for insubordination, there is no claim that such action resulted in any loss of pay. Plaintiff's remaining claim consists of being wrongfully charged as AWOL and not authorized to

use sick with pay time for two days. This allegation was based upon Plaintiff's claim that she had permission to use sick with pay time and that the Defendants refused her medical excuse.  (Second Amended Complaint ¶ 13). Denial of sick with pay status for only two days does not appear to reach the level of a material adverse action as defined by *Hollins, supra*.

### Plaintiff fails to state a claim for retaliation.

It is uncontested that Plaintiff did not state any specific allegation of retaliation in the Charge of Discrimination filed with the EEOC.  Plaintiff failed to exhaust any administrative remedy before instituting this action as required. *See Love v. Pullman Co*., 404 U.S. 522, 92 S. Ct. 616 (1972).

Despite Plaintiffs efforts to allege her attached affidavit filed with the EEOC supports retaliatory action, a quick review of the attached affidavit demonstrates otherwise.   There is no allegation that such alleged retaliation was made as a result of Plaintiff pursuing her claims. The fact that the allegations are contained within her original affidavit further supports the fact that no action in retaliation was made as a result of her pursuing any claim of discrimination. Plaintiff alleges she filed her charge with the Ohio Civil Rights Commission and the EEOC on August 10, 2000. Despite this fact, she alleges a change in evaluation from a superior rating in 1999 to unsatisfactory in June of 2000, ignoring a request for a printer, and a reprimand issued on November 4, 1999 was retaliatory. Clearly, these acts occurred before Plaintiff's charge of August 10, 2000. Therefore, there are no facts alleged to support any claim of retaliation.

### Defendants "John and Jane Does, 1 though 8" have not been timely served.

As to defendant "Does", there has been no service in accordance with the F. R. Civ. 4 (m). Since service has not been accomplished within the 120-day period for service, these unnamed Defendants should be dismissed.

**Defendants "Does" and Head are entitled to the defense of Qualified Immunity.**

The facts as alleged, establish the standard for a qualified Immunity defense. Based upon the foregoing argument, no clearly established federally right was violated, assuming arguendo, such a violation was established; Plaintiff has failed to plead sufficient facts to indicate what was done were objectively unreasonable. Failure to promote an individual who falls below other potential candidates in a competitive Civil Service examination process is obviously reasonable.

**Defendant Head is entitled to the Defense Of Statute Of Limitations.**

In addition to any defense of qualified immunity, for all 42 U.S.C.§ 1983 actions, federal courts apply the relevant state personal injury statute of limitations. *Wilson v. Garcia,* 471 U.S. 261, 105 S. Ct. 1938 (1985).

In Ohio, the personal injury statute of limitations is two years. (See O.R.C. 2305.10). Plaintiff's Second Amended Complaint, which first named Defendant Head, was not filed until March 26, 2004. This filing is well beyond any of the claims alleged against Defendant Head. Therefore, this court lacks jurisdiction as to any claim against Defendant Head.

**Plaintiff Fails to State a Claim For Age Discrimination.**

Plaintiff's Complaint alleges discrimination based upon her age under both ADEA and the Ohio Revised Code in a State claim.

Although in her introduction to her complaint Paragraph 1, she claims to bring a claim of age under 29 USC 623 and ORC 1212.02, 4112.14 no facts are alleged to support any claim. The only mention of Age in her Complaint is a conclusory allegation that discriminatory treatment of Plaintiff was because of her age. (Plaintiff's Second Amended Complaint ¶¶ 37 and 40). There are no facts in the Complaint to support any such discriminatory claim. The only other reference to age is in the attached Charge of Discrimination where a check mark was indicated that age was a basis of her charge. Since no facts have been pled to support any age claim, it is requested that the Court dismiss any such claims under either ADEA or any State claims.

In addition to the reasons previously given, the State claims should be dismissed for failing to be timely filed. Under O.R.C.4112.02, 4112.14 and the common law of Ohio, any claim of age discrimination must be sought within 180 days. ORC 4112. 02(N) specifically requires:

> An aggrieved individual may enforce the individual's rights relative to discrimination on the basis of age as provided for in this section by instituting a civil action, within one hundred eighty days after the alleged unlawful discriminatory practice occurred, in any court with jurisdiction for any legal or equitable relief that will effectuate the individual's rights.

Clearly any reprimand for plants in November of 1999 and claims of no promotion either occurred well before the instituting of this suit, or after filing her complaint with the EEOC. In either event, her claims are not timely.

**Conclusion.**

Based upon the arguments set forth in Defendants' memorandum in support of their Motion to Dismiss as well as the foregoing reasons, it is respectfully requested that Plaintiff's Complaint be dismissed in its entirety, at Plaintiff's cost.

Respectfully submitted,

**JULIA L. MCNEIL** (0043535)
City Solicitor

\S\Augustine Giglio
_____
**AUGUSTINE GIGLIO** (0031911)
Assistant City Solicitor
Room 214, City Hall
801 Plum Street
Cincinnati, Ohio 45202
Ph.      (513) 352-3339
Fax.     (513) 352-1515
e-mail: gus.giglio@cincinnati-oh.gov
Trial Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2004, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following David E. Hardin @ davidhardin29@yahoo.com, counsel

/s/ Augustine Giglio
_____
AUGUSTINE GIGLIO ( 0031911)
Assistant City Solicitor
Trial Attorney for Defendants
Room 214, City Hall
Cincinnati, Ohio 45202
Telephone: (513) 352-3339
Fax (513) 352-1515
gus.giglio@cincinnati-oh.gov