# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| ANDREA L. NGO, | : | |
| | : | Case No. C-1-00-961 |
| Plaintiff | : | |
| | : | Judge Watson |
| vs. | : | |
| | : | |
| CITY OF CINCINNATI, et al., | : | **DEFENDANTS' MOTION FOR** |
| | : | **SUMMARY JUDGMENT** |
| Defendants. | : | |
| | : | |

Defendants, City of Cincinnati (hereinafter, "City"), Board of County Commissioners, Hamilton County, Ohio (hereinafter "Board"), Beverly Head (hereinafter, "Head"), and John and Jane Does I through 8 (hereinafter, "Does") respectfully move this Court for an order granting summary judgment to all of Plaintiff's claims against it pursuant to Rule 56 of the Federal Rules of Civil Procedure. Since there are no genuine issues of material fact, Defendants are entitled to judgment as a matter of law. A memorandum in support is set forth below and incorporated herein.

Respectfully Submitted,
**J. RITA MCNEIL** (0043535)
City Solicitor

*S/ William C. Hicks*
**AUGUSTINE GIGLIO** (0031911)
**WILLIAM C. HICKS** (0068565)
Assistant City Solicitors
Room 214, City Hall
801 Plum Street
Cincinnati, Ohio 45202
(513) 352-3339
Fax: (513) 352-1515
E-mail: gus.giglio@cincinnati-oh.gov
Trial Counsel for Defendants

<u>MEMORANDUM IN SUPPORT</u>

I.    <u>INTRODUCTION</u>

The Plaintiff, is Asian-American female over 40 years of age currently employed with the City of Cincinnati through the Metropolitan Sewer District. (hereinafter, "MSD").  Plaintiff filed an amended complaint on January 29, 2004 (hereinafter referred to as "Pl.'s Amend. Compl."). The amended complaint brings claims under Title VII and the Age Discrimination in Employment Act (ADEA) and R.C. 4112.02 et seq., alleging that the Plaintiff was discriminated against because of her race, national origin, gender, and age.  Plaintiff also alleges that she was retaliated against for pursuing her rights and alleges she was subjected to intentional infliction of emotional distress.  In addition to naming the City, Plaintiff has also named the Board of County Commissioners, her supervisor, Beverly Head and John and Jane Does 1 through 8.

As demonstrated by the facts, Plaintiff was not discriminated based on her race, national origin, gender, and age.  Nor was she retaliated against for pursuing her rights.  The Title VII claims against Defendant Head were filed beyond the statute of limitations and the Doe Defendants were never served and are entitled to qualified immunity from suit.  Finally, Plaintiff has failed to exhaust her administrative remedies on some claims.  As a result, there remain no questions of material fact and Defendants are entitled to summary judgment.

II.    <u>STATEMENT OF FACTS</u>

Plaintiff Andrea L. Ngo has been employed with the Defendant City through the Metropolitan Sewer District since 1995.  (Pl.'s Amend. Compl., ¶11; Deposition of Andrea Ngo, p. 11, ¶¶1-4, hereafter "Ngo Depo.")  She was originally hired as a Laboratory Technician 1 and later promoted to a Laboratory Technician 2.  (Pl.'s Amend. Compl., ¶11; Ngo Depo., p. 12, ¶¶12-14).

Plaintiff alleges she was discriminated against because: (1) she was charged with being Absent Without Leave ("AWOL") on May 25 and 26, 2000; (2) she was wrongfully reprimanded for having plants in her work space, and (3) throughout her employment, she has been discriminatorily refused to promote her to higher positions, including Chemist and Laboratory Technician III, and that Defendant City has refused to consider her for higher paying positions for which she alleges she is qualified.  (Pl.'s Amend. Compl., ¶¶12, 16-17; Ngo Depo., p. 13-14 and 40-41).

Plaintiff also makes vague general allegations that throughout her employment with the City unauthorized alterations to her time cards were made.  She further alleges that Defendant City refused or failed to take any corrective actions.  (Pl.'s Amend. Compl., ¶18; Ngo Depo., p. 28-30).

## III.   LEGAL ARGUMENT

### A.   Standard for Summary Judgment

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is properly granted when the following three factors are met:

(1)   no genuine issue as to any material fact remains to be litigated;
(2)   the moving party is entitled to judgment as a matter of law; and
(3)   it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to the party against whom the motion for summary judgment is made.

Civ.R. 56(C); and *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 375 N.E.2d 46.  Moreover, in deciding a motion for summary judgment, all competing evidence and inferences must be construed in favor of the nonmoving party.  Civ.R. 56(E); and *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 256, 106 S. Ct. 2505.

The initial burden is on the party moving for summary judgment. *Dresher v. Burt*, (1996) 75 Ohio St.3d 280, 662 N.E.2d 264. For the Defendants to successfully satisfy this burden, the Defendants as the moving party needs to: (1) inform the trial court the basis of its motion, and (2) identify the pertinent portions of the record which demonstrate the absence of a genuine issue of material fact regarding the essential elements of the nonmoving party's claims. *Id.* at 293.

> **B.    Plaintiff's Complaint Fails to State a Claim Against Defendant Board of County Commissioners of Hamilton County, Ohio For Which Relief Can Be Granted.**

The Plaintiff's amended complaint alleges in Counts II, IV, VI, VIII, and X that there were violations of Title VII, the Ohio Revised Code, ADEA, and Ohio common law by Defendant Board. (Pl.'s Amend. Compl., ¶¶27-29, 33-35, 39-44, and 51-53). However, because the Board is not Plaintiff's employer these claims must fail.

> **1.    Defendant Board of County Commissioners of Hamilton County, Ohio is not Plaintiff's Employer**

Although the Board has the authority under Ohio Revised Code §6117 to establish sewer districts and of forth, it is not the Plaintiff's employer. As noted in Plaintiff's Job Application, attached to Defendants' Motion to Dismiss as Exhibit 1, the Plaintiff is an employee of the Defendant City of Cincinnati and not the Board. Further evidence of her employment status is Plaintiff's own testimony that she receives her paychecks from the City of Cincinnati. Therefore, her claims against the Board must be dismissed.

> **2.    The Board Was Not Named In Plaintiff's EEOC Charge**

In Plaintiff's Amended Complaint, she attached an EEOC charge, which is dated August 10, 2000. Plaintiff only named the City of Cincinnati in this charge and not the Board. Plaintiffs must exhaust their administrative remedies before instituting an action in federal court. *Love v.*

*Pullman Co.*, 404 U.S. 522, 523 (1972).   Since Plaintiff failed to name the Board in her EEOC charge, she cannot now sue the Board under federal law.

> **3.     Plaintiff has Failed to Plead Sufficient Facts to Maintain any Claim of <u>Discrimination</u>**

Plaintiff's Amended Complaint makes summary and conclusory statements as to other similarly situated younger employees, Caucasians and males being treated in a dissimilar manner, such as not being found AWOL or otherwise disciplined and being promoted.  (Pl.'s Amend. Compl., ¶14).  However, Plaintiff cannot identify any similarly situated employees not in the protected classes identified in Plaintiff's pleadings who have been treated more favorably.

> **C.     Plaintiff Has Failed to Establish the Necessary Elements of a Title VII or <u>ADEA Claim Against Defendants.</u>**

Claims under Title VII and the ADEA may be proven by showing direct, indirect or circumstantial evidence.  *See Texas Dept. of Comm. Affairs v. Burdine*, (1981) 450 U.S. 248, 101 S. Ct. 1089; *McDonnell Douglas Corp. v. Green*, (1973) 411 U.S. 792, 93 S. Ct. 1817; *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078 (6th Cir. 1994).  In cases such as the instant matter where a plaintiff cannot present any direct evidence of discrimination, the plaintiff must prove her claim through circumstantial evidence in order to establish a prima facie case of discrimination.

A prima facie case is made by introducing evidence sufficient to support a finding that: (1) the plaintiff was a member of a protected class; (2) the plaintiff was qualified for the position; (3) the plaintiff suffered an adverse employment action or was rejected for the job; and (4) after her rejection the position was given to someone outside the protected class or the plaintiff was treated less favorably than a similarly situated person outside the protected class.  *Braithwaite v. Timken Co.* (6th Cir. 1995), 258 F.3d 488, 493.  Discrimination cases brought under R.C. § 4112

are analyzed under the same standards as federal law. *Plumbers & Steamfitters Joint Apprenticeship Comm. v. Ohio Civil Rights Comm'n*, 66 Ohio St.2d 192 (1988). Once a prima facie case of discrimination has been established, the burden shifts to the defendant to set forth a non-discriminatory reason for its action before the burden shifts back to the plaintiff to produce evidence that the proffered non-discriminatory reason was pretextual. *Manzer*, at 1081-1084.

In this case, the Plaintiff, who is a female over 40 years of age of Vietnamese nationality, can show that she is a member of a protected class. By not being promoted, it is arguable that she has suffered an adverse employment action with respect to promotion. As to her general claims regarding discipline for having plants at work, being marked AWOL, not getting a new printer for her computer and having a lower performance appraisal, Plaintiff cannot establish she was subjected to a material adverse action. Additionally, Plaintiff cannot show that she was qualified for the positions she sought or that an employee not in the protected class was treated more favorably than her. Finally, even if she can establish a prima facie case, Plaintiff cannot establish that the Defendants' legitimate non-discriminatory reason for its employment decisions are pretextual.

## 1.    <u>Plaintiff Did Not Suffer An Adverse Employment Action</u>

Plaintiff argues she was discriminated against due to her various protected categories because she was disciplined for ignoring an order to remove plants from her work space, she was marked as AWOL for two days when she didn't submit the requested paperwork in time, didn't received a new computer printer she felt she needed and she had a lower performance appraisal. These general allegations are not materially adverse actions sufficient to support a claim of discrimination.

In <u>Hollins v. Atlantic Co.</u>, 188 F.3d 652 (6th Cir. 1999), the court noted the requirements for establishing a materially adverse employment action:

> [A] materially adverse change in the terms and conditions of employment must be more disruptive than a mere inconvenience or an alteration of job responsibilities. A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation.

<u>Id</u>. at 662. The Sixth Circuit has consistently held that de minimus employment actions are not materially adverse and, thus, not actionable. *See, e.g.,* <u>Jacklyn v. Schering Plough Healthcare Prod.</u>, 176 F.3d 921, 930 (6th Cir. 1999) (holding that "neither requiring plaintiff to work at home while she was recovering from out-patient surgery, nor rejecting computer expenses that previously had been approved were materially adverse employment actions"); <u>Jackson v. City of Columbus</u>, 194 F.3d 737 (6th Cir. 1999) (holding that police chief's suspension with pay was not an adverse employment action); <u>Hollins</u>, 188 F.3d at 662 (6th Cir. 1999) (holding that "[satisfactory ratings in an overall evaluation, although lower than a previous evaluation, will not constitute an adverse employment action where the employee receives a merit raise"); <u>Kocsis v. Multi-Care Management</u>, 97 F.3d 876, 885 (6th Cir. 1996) (holding that "reassignments without salary or work changes do not ordinarily constitute adverse employment decisions in employment discrimination claims")

Based on Plaintiff's own testimony the adverse actions she cites are not materially adverse. The computer printer she complains about was still working but merely had to be hand fed at times. (Ngo Depo. p. 68). This type of discretionary decision on how to allocate resources is not materially adverse, especially given that Plaintiff was still able to perform her job. Further, the lowered performance rating Plaintiff received in one category of her review did not

even affect her overall performance rating.  On Plaintiff's 2000 review she did receive a "Does

Not Meet Expectations" only in the category that relates to complying with orders.  (Ngo Depo.

p. 78).  However, as Plaintiff admits she still got an overall rating of "Meets Expectations" and

that one category did not affect her pay in any way.  (Ngo Depo. p. 79).  Plaintiff also admits that

the reprimand for ignoring the order to remove her plants resulted in no loss of pay.  (Ngo Depo.

p. 34, 40).  Finally, being marked AWOL for two days, when Plaintiff admits that she failed to

file the proper forms, as requested, is not an adverse action.  In fact, Plaintiff admits that she was

not even disciplined for these two days.  (Ngo Depo. p. 20).

### 2.  Plaintiff Was Not Treated Differently Than Similarly Situated Employees Outside of the Protected Class

Even if Plaintiff can establish that the general complaints regarding her performance

review, her printer and being marked AWOL are adverse actions, she cannot demonstrate any

similarly situated employees outside of the protected class who were treated differently in such

situations.

To establish disparate treatment, Plaintiff must show that she was treated differently than

similarly situated employees because of her national origin, sex, race, or age.  She must produce

evidence that the relevant other employees are "similarly situated in all respects."  *Mitchell v.

Toledo Hosp*., 964 F.2d 577, 583 (6th Cir. 1992).  Moreover, to be deemed "similarly situated,"

the individuals with whom Plaintiff seeks to compare her treatment must have dealt with the

same supervisor, have been subject to the same standards and have engaged in the same conduct

without such differentiating or mitigating circumstances that would distinguish his conduct or the

City's treatment of the Plaintiff.  *Id*. at 583.

Plaintiff is unable to point to other employees outside of her protected classes who were

similarly situated in all respects who were disparately treated with respect to their reviews,

discipline for being AWOL and failing to remove plants from their work space, and allocation of computer printers.

### 3. Plaintiff Was Not Qualified For the Promotions to Chemist and Lab Tech 3

In addition to the general complaints regarding discipline and working conditions discussed above, Plaintiff also alleges that she was discriminated against when she was not given promotions for which she applied. While Plaintiff does make some vague references in her deposition to promotions in the mid-nineties and one of her supervisors promising her a Chemist position at some point, these general allegations are clearly outside of the statute of limitations and are not demonstrated with sufficient particularity. However, for the two positions for which Plaintiff did take the promotional exams, Lab Tech 3 and Chemist, it is clear that Plaintiff was not qualified.

For the Lab Tech 3 position, there were five employees on the Promotional Eligible List for the examination held on September 28, 1999. (See, Promotional Eligible List Attached to Defendant' Motion to Dismiss). The top scorer was Kathy M. Gordon-Jackson with an 86.59, followed by Deborah C. Newman with an 81.61. Plaintiff's score was only the third best at 77.53. The list expired on October 17, 2001. Two positions opened during the time the list was valid and the positions were given to Ms. Gordon-Jackson and Ms. Newman. (See Affidavit of Beverly Head, attached as Exhibit 1). Therefore, Plaintiff was not selected for a Lab Tech 3 position.

For the Chemist position, there were ten employees on the Promotional Eligible List for the examination held March 8, 2001. (See Promotional Eligible List Attached to Defendant's Motion to Dismiss). The top scorer was Louise Schramm with an 82.67. Eight of the ten employees scored 70 or above on the examination. Plaintiff's score was a 65.55, placing her

dead last out of the ten people who passed the test. The Plaintiff is a Civil Service employee. The Civil Service Rules contain a provision called the "Rule of Three" which mandates that the top three employees be chosen from the eligible list to be considered for a position. (Head Affidavit). In this instance, four employees were certified to be considered for the position in case one dropped out of the process. (Head Affidavit). Plaintiff was not among the employees certified for consideration for the position due to her ranking last among the employees who passed the exam. (Head Affidavit). As such, Plaintiff was clearly not qualified for the Chemist position by virtue of her performance on the promotional exam and the Civil Service Rules.

####    4.    Defendant Can Establish Legitimate Non-Discriminatory Reasons For Not Promoting Plaintiff to The Chemist and Lab Tech 3 Positions

Even if Plaintiff can establish a prima facie case, Defendants may rebut it "simply by producing evidence that it had legitimate non-discriminatory reasons for the decision." *Watson v. Fort Worth Bank and Trust Co.*, 487 U.S. 977, 986 (1988). In this matter Defendants can demonstrate a legitimate non-discriminatory reason for not promoting Plaintiff to the Chemist and Lab Tech 3 positions, the superior qualifications of other applicants. This is most clearly demonstrated by the promotional examination scores of Plaintiff and the other applicants, as discussed above.

####    5.    Plaintiff Cannot Establish Pretext

Once a defendant has produced a legitimate non-discriminatory reason for discharge, the presumption of discrimination raised by the employee's prima facie case "drops from the case." *Texas Dep't of Community Affairs v. Burdine* (1981), 450 U.S. 248, 255. The plaintiff must then prove by a preponderance of all the evidence that the purportedly legitimate reasons offered by the defendant "were not its true reasons, but were a pretext for discrimination. *Id*. at 253. The

ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.

A plaintiff can demonstrate pretext "by showing that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct."  *Johnson v. Kroger Co.*, 319 F.3d 858, 866 (6th Cir. 2003)(citation omitted).  A leading Sixth Circuit case, *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078 (6th Cir. 1994), provides a thorough explanation of each of these methods of proving pretext:

> The first type of showing is easily recognizable and consists of evidence that the proffered bases for the plaintiff's discharge never happened, *i.e.,* that they are "factually false." *Baxter Healthcare,* 13 F.3d 1120 at 1123-24. The third showing is also easily recognizable and, ordinarily, consists of evidence that other employees, particularly employees not in the protected class, were not fired even though they engaged in substantially identical conduct to that which the employer contends motivated its discharge of the plaintiff. These two types of rebuttals are direct attacks on the credibility of the employer's proffered motivation for firing plaintiff and, if shown, provide an evidentiary basis for what the Supreme Court has termed "a suspicion of mendacity." *Hicks,* 509 U.S. 502   , 113 S. Ct. 2742 at 2749. As *Hicks* teaches, such a showing permits, but does not require, the factfinder to infer illegal discrimination from the plaintiff's prima facie case.
>
> The second showing, however, is of an entirely different ilk. There, the plaintiff admits the factual basis underlying the employer's proffered explanation and further admits that such conduct *could* motivate dismissal. The plaintiff's attack on the credibility of the proffered explanation is, instead, an indirect one. In such cases, the plaintiff attempts to indict the credibility of his employer's explanation by showing circumstances which tend to prove that an illegal motivation was *more* likely than that offered by the defendant. In other words, the plaintiff argues that the sheer weight of the circumstantial evidence of discrimination makes it "more likely than not" that the employer's explanation is a pretext, or coverup.
>
> If the bare bones elements of a plaintiff's prima facie case were sufficient to make this showing, however, the entire "burden shifting" analysis of *McDonnell Douglas* and its successors would be illusory. No case could ever be culled out after the prima facie stage and every case would have to be determined by a jury. We do not believe that this was the intent of Congress or the outcome envisioned by the Supreme Court in its long line of cases implementing employment discrimination legislation. Accordingly, we hold that, in order to make this type of

rebuttal showing, the plaintiff may not rely simply upon his prima facie evidence
but must, instead, introduce additional evidence of discrimination.

In this matter there is no evidence that would establish that Defendants' proffered
legitimate non-discriminatory reason for its actions is pretext for discrimination or retaliation
against Plaintiff. As demonstrated above and through the affidavit of Ms. Head, Defendants'
reason for its actions regarding Plaintiff are clearly based in fact. Further, Plaintiff cannot point
to any similarly situated individuals outside the protected class who were treated differently so as
to establish that her actions were insufficient to warrant the actions taken. Finally, there is no
evidence of bias or other facts that would show that Defendant's proffered reasons did not
motivate the actions regarding Plaintiff and that discrimination or retaliation is the real reason.

As explained above in the discussion of the "qualified" prong of the prima facie case, it is
clear that Plaintiff cannot show that she was more qualified than the three individuals (all
women) who were promoted to the Lab Tech 3 and Chemist positions. However, given certain
assertions made by Plaintiff in her deposition further explanation is required. Plaintiff alleged, in
support of her discrimination claim, that after the first two people on the Lab Tech 3 list, Ms.
Gordon-Jackson and Ms. Newman, were promoted she should have been promoted next, and due
to the actions of Ms. Head in delaying the hiring for other positions, Plaintiff was unfairly denied
a promotion. (Ngo Depo. p. 54). This assertion is incorrect and is based on Plaintiff's
unfamiliarity with the Civil Service Rules and applicable union contract provisions.

Once the first two positions for Lab Tech 3 were filled Plaintiff was first on the list. The
Chemist position Plaintiff also applied for was filled in 2001 by a Lab Tech 3 in the Waste Water
Treatment Division, Diane Warrington, which in Plaintiff's mind left a Lab Tech 3 position open
for her to fill as the next on the list. (Head Affidavit). However, under Article 20 of the Labor-
Management Agreement in place at the time the Wastewater Treatment Division opted to fill the

position with a lateral transfer of an existing Lab Tech 3, rather than a promotional appointment. (Head Affidavit). Plaintiff admits she is unaware of the labor contract provisions regarding transfers. (Ngo. Depo. p. 56-57). The open Lab Tech 3 position in Wastewater Treatment was then filled by Louise Schramm, a female Lab Tech 3 in Industrial Waste. (Head Affidavit). The transfer of Louise Schramm did not, however, open up a Lab Tech 3 position for Plaintiff. (Head Affidavit). As a result of a prior management decision made several years earlier, the Lab Tech 3 position was under filling the Chemist position. (Head Affidavit). This meant that as part of a realignment once the Lab Tech 3 position in Industrial Waste was vacated, it was eliminated as a cost-cutting measure. (Head Affidavit). Therefore, there was no open position as a Lab Tech 3 for Plaintiff to be promoted into. (Head Affidavit). Even without this realignment, Plaintiff would not have been eligible for the Lab Tech 3 position Ms. Schramm had held, because the position was vacated after the expiration of the eligibility list on October 17, 2001. (Head Affidavit).

### a.    Plaintiff Improperly Attempt to Second Guess A Legitimate Business Judgment

In a discrimination case, a fact finder is not permitted to second-guess the business judgment of the employer. *In re: Lewis v. Sears*, 845 F.2d 624, 633 (6th Cir. 1988). The mere disagreement of the fact finder with the decision is not sufficient to demonstrate pretext unless the employer's business decision is so "ridden with error that defendant could not honestly have relied upon it." *Lieberman v. Gant* (2nd Cir. 1980), 630 F.2d 60,65. That is not the case in this matter. Throughout her testimony Plaintiff insinuates that she believes she has more qualifications than other employees and that she believes she should have been promoted. If even in the face of Plaintiff's inferior promotional exam scores, one subjectively feels that she had superior qualification or that any of the disciplinary or workplace decisions were unwise,

there is no way it can be said that the decisions in this matter were so "ridden with error that" that they could not have been legitimate and are indicative of discrimination. This doctrine is consistent with the courts' reluctance to become the arbiter of day-to-day employment decisions.

### 2.    The Alleged Biased Statements Are Irrelevant

While Plaintiff states that no one at work made any racial slurs or comments towards her, she does allege one statement by a co-worker is evidence of age discrimination. (Ngo Depo., p. 84, ¶¶12-18). This alleged statement was a question by a co-worker, Mr. Madden, about Plaintiff's retirement plans. (Ngo Depo. p. 82).

This allegedly biased statement is not indicative of discrimination. "Isolated and ambiguous comments are too abstract, and in addition to being irrelevant and prejudicial, to support a finding of discrimination." *Phelps. v. Yale Sec., Inc.* (6th Cir.), cert. denied, 510 U.S. 861 (1993). Stray remarks unrelated to the decision-making process are insufficient to establish a prima facie case of discrimination. *Brewer v. Cleveland City Schools* (1997) 122 Ohio App.3d 378, 384; *Smith v. Firestone Tire & Rubber Co.* (7th Cir. 1989), 875 F.2d 1325, 1330. The alleged discriminatory comment in this matter clearly fit within the above prohibitions. First, the remark was related to legitimate business issue, the determination of future staffing levels and costs for the budgeting process. (Head Affidavit). Second, the comment was not in any way related to the decision-making process for the promotions. Finally, the comment was made by a co-worker, who was not Plaintiff's supervisor, and had no input or authority regarding Plaintiff's promotions, discipline or conditions of employment. (Head Affidavit). Clearly, the alleged comment is not indicative of age discrimination.

### D.    Plaintiff Cannot Prove Retaliation.

Plaintiff also alleges that she was retaliated against in violation of state and federal law.

14

These claims are also meritless. As to the federal claim of retaliation, Plaintiff has failed to file and EEOC charge, which is a jurisdictional prerequisite to bringing a claim in federal court. With respect to her state law retaliation claim there is no evidence of a causal connection or sufficiently material adverse action necessary to establish the claim.

1.    **Plaintiff Did Not Exhaust Her Administrative Remedies By Filing An EEOC Charge**

Plaintiff's EEOC Charge of Discrimination, which is attached to her Amended Complaint, was filed on August 10, 2000. However, Plaintiff's EEOC Charge did not include a retaliation claim. Thus, there is a lack of subject-matter jurisdiction. In order for the federal court to have subject-matter jurisdiction over a Title VII claim, the claimant must first unsuccessfully pursue administrative relief. *See*, *Love v. Pullman Co.* (1972), 404 U.S. 522, 523, 92 S.Ct. 616. Since there was no exhaustion of administrative remedies as to any retaliation claim, Plaintiff's claims of retaliation under federal law contained in Counts VII and VIII of her amended complaint must be dismissed.

2.    **Plaintiff Cannot Establish the Elements of Her State Law Retaliation Claim**

In order to prove actionable retaliation under state and federal law, Plaintiff must demonstrate: (1) she engaged in activity protected by Title VII; (2) this exercise of protected rights was known to the defendant; (3) the defendant took adverse employment action after exercising the protected right, and (4) there was a causal connection between the protected activity and adverse employment action. *Wrenn v. Gould*, 808 F.2d 493, 500 (6th Cir. 1987*); Petty v. DHL Airways, Inc*, 176 F.Supp.2d 773 (S.D.Ohio 2001).

Temporal proximity between the protected activity and the adverse action is one of the primary ways of demonstrating a causal connection. *Moon v. Transport Drivers, Inc.*, 836 F.2d

226, 229 (6th Cir. 1987); *Wrenn*, 808 F.2d at 501.  In this case however, is no such temporal proximity, and, in fact, most of the alleged adverse actions actually precede the filing of Plaintiff's EEOC charge.

Plaintiff signed her EEOC charge on August 10, 2000.  (See Plaintiff's EEOC charge attached to Second Amended Complaint).  The alleged adverse actions regarding her computer printer, performance appraisal, and discipline for her plants and being AWOL occurred prior to the EEOC charge in 1999 and early 2000.  (EEOC charge).  The first two Lab Tech positions were also filled prior to Plaintiff's EEOC charge, as well.  Finally, the Chemist position was filled long after Plaintiff filed her charge, as indicated by the fact that the examination for the position was not even held until March 8, 2001.  (See attachment to Defendant's Motion to Dismiss).  There is simply no evidence beyond Plaintiff's unsupported speculation to establish any connection between her filing of an EEOC charge with any adverse actions she claims were material.

In addition, as discussed above the adverse actions alleged by Plaintiff a simply not of sufficient gravity to be considered materially adverse actions.  Plaintiff suffered no materially adverse impact on her employment and little or no monetary loss.

**E.  Plaintiff's Fails to State a Claim As to Any Allegation that the City or Board Violated Section 1983.**

In the preliminary paragraphs of her Second Amended Complaint, Plaintiff alleges that her federal claims are brought under Section 1983.  (Pl.'s Second Amend. Compl., ¶¶1,2, 8, 9). There is no pleading to substantiate such a claim, but since it was mentioned, the Defendants wish to expressly request that such claim be dismissed.

According to the United States Supreme Court in *Monell v. Dept. of Soc. Serv. of the City of NY*, 436 U.S. 658, 694 (1978), "a local government may not be sued under §1983 for an injury

16

inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under §1983."  Clearly, the Supreme Court has established that a municipality cannot be held liable for a theory of *respondeat superior* for §1983 claims.  The plaintiff must show that the municipality had actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm.  *See Bd. of the County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 407, 137 L. Ed. 2d 626, 117 S. Ct. 1382 (1997) (citing *City of Canton v. Harris*, 489 U.S. 378, 390, n. 10, 109 S. Ct. 1197 (1989)).  Further, the applicable statute of limitations for a valid section 1983 claim is two years from the accrual date.  *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1105 (6th Cir. 1995).  Federal law provides that the limitations period begins to run when a plaintiff knows or has reason to know of the injury which is the basis of his action; a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence.  *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984).

With respect to Defendant Head, she was not named as a Defendant until over two years after the actions alleged in Plaintiff's Complaint.  Therefore, if a Section 1983 claim is alleged against her she should be dismissed.

Plaintiff cannot show a prima facie case of discrimination.  More importantly, Plaintiff fails to identify any policy or custom of either the City or the Board in her pleadings that would support a §1983 claim.  Therefore, Plaintiff's §1983 claim against the City and the Board must be dismissed.

**F.  Defendants Head and Does Are Entitled to the Defense of Qualified Immunity.**

The doctrine of qualified immunity states that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Feathers v. Aey*, 319 F.3d 843, 846-847, 2003 U.S. App. Lexis 2642 (6th Cir. 2003) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982)).  Where there is no federal right violated, if the alleged right violated was not clearly established at the time, or if the actor was reasonably mistaken in the action taken, then the defendant is entitled to qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 206, 121 S.Ct. 2151 (2001).  Qualified immunity protects "all but the plainly incompetent and those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Qualified immunity applies if the following three criteria are met:

(1)    whether based upon the applicable law, the facts viewed in the light most favorable to the plaintiff show that a constitutional violation has occurred;

(2)    whether the violation involved a clearly established constitutional right of which a reasonable person would have known; and

(3)    whether the plaintiff has offered sufficient evidence to "indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights."

*Feathers*, 319 F.3d at 847; *See, Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Dickerson v. McClellan*, 101 F.3d 1151, 1158 (6th Cir. 1996).  If the Plaintiff fails to prove any of the three prongs, then Defendants Does are entitled to qualified immunity.

As previously stated, Plaintiff has not even shown that a constitutional violation has occurred.  Even assuming *arguendo* that Plaintiff's constitutional rights were violated, Plaintiff has not pled sufficient facts to show that the specific right was clearly established or that Defendants Does acted unreasonably.  As such, Defendants Head and Does are entitled to the defense of qualified immunity and the claims against them should be dismissed.

**G.  Plaintiff's Claim For Intentional Infliction of Emotional Distress Should Be Dismissed**

To maintain an intentional infliction of emotional distress claim, a plaintiff must establish that: (1) the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff; (2) the actor's conduct was so extreme and outrageous as to go 'beyond all possible bounds of decency' and was such that it can be considered as 'utterly intolerable in a civilized community'; (3) the actor's actions were the proximate cause of plaintiff's psychological injury; and (4) the mental anguish suffered by the plaintiff is serious and of a nature that 'no reasonable person could be expected to endure it.'"  *Pyle v. Pyle*, 11 Ohio App.3d 31, 34, 463 N.E.2d 98 (1983).  Furthermore, the Ohio Supreme Court has clarified that:

> [I]t has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"...The liability clearly does not extend to mere insults, threats, annoyances, petty oppressions, or other trivialities.

*Yeager v. Local Union 20*, 6 Ohio St. 3d 369, 374-375, 453 N.E.2d 666 (Ohio 1983) (emphasis added.)

In the present case, Plaintiff has not stated in her complaint or deposition that the individual Defendants Does intended to harm her.  Also, allegations of not being promoted or the removal of plants or the imposition of discipline clearly cannot rise to the level necessary to meet this standard.  Therefore, Plaintiff cannot make a claim of intentional infliction of emotional distress claim against the Defendants.

IV.    <u>**CONCLUSION**</u>

There being no genuine issue as to any material facts and having demonstrated that it is entitled to judgment as a matter of law, City of Cincinnati, the Board of County Commissioners, Hamilton County, Ohio, Beverly Head and John and Jane Does I through 8 respectfully request an order granting summary judgment with respect to Plaintiff's claims and Plaintiff's Second Amended Complaint be dismissed with prejudice.

Respectfully Submitted,
**J. RITA MCNEIL** (0043535)
City Solicitor

*S/William C. Hicks*
**AUGUSTINE GIGLIO** (0031911)
**WILLIAM C. HICKS** (0068565)
Assistant City Solicitors
Room 214, City Hall
801 Plum Street
Cincinnati, Ohio 45202
(513) 352-3338
FAX: (513) 352-1515
E-mail: gus.giglio@cincinnati-oh.gov
Trial Counsel for Defendant


<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing Motion for Summary Judgment was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to David E. Hardin at davidhardin29@yahoo.com, counsel for Plaintiff.

*S/William C. Hicks*
**William C. Hicks (0068565)**