# AFFIDAVIT

State of Ohio       )
                      )     ss:
County of Hamilton  )

Now comes Beverly Head, affiant herein, and having been duly cautioned and sworn, states the following:

1.  I am a resident of the State of Ohio and am competent to provide this affidavit. The contents of this affidavit are based upon my personal knowledge.

2.  I am currently employed as Superintendent for the Metropolitan Sewer District, Division of Industrial Waste for the City of Cincinnati and have been so employed at all times relevant to this matter.

3.  From 1999 through 2001, I was involved in the decision regarding the promotion of employees to the positions of Lab Tech 3 and Chemist.

4.  The decision to appoint employees other than Andrea Ngo to the positions was based on their superior qualifications, as reflected by their scores on the promotional examinations.

5.  The appointment was made in compliance with the applicable Civil Service Rules and Human Resources approved the use of the promotional lists.

6.  Two positions opened during the time the list for Lab Tech 3 was valid and the positions were given to Ms. Gordon-Jackson and Ms. Newman.

7.  Andrea Ngo is a Civil Service employee. The Civil Service Rules contain a provision commonly referred to as the "Rule of Three." This provision applies only to management positions such as the Chemist position. The rule mandates that only the top three employees from the eligible list shall be certified to be considered for a position.

8.  For non-management positions, which includes the Lab Tech 3 position Plaintiff applied for, the top ranked employee on the eligible list shall be offered the position.

9.  For the Chemist position, four employees were certified to be considered for the position in case one dropped out of the process.

10.     Andrea Ngo was not among the employees certified for consideration for the Chemist position due to her ranking last among the employees who passed the exam.

11.     The Chemist position Plaintiff also applied for was filled in 2001 by a female Lab Tech 3 in the Waste Water Treatment Division, Diane Warrington.

12.     Under Article 20 of the Labor-Management Agreement in place at the time the Lab Tech 3 position opened due to Diane Warrington's promotion, the Wastewater Treatment Division opted to fill the position with a lateral transfer of an existing Lab Tech 3, rather than a promotional appointment.

13.     The open Lab Tech 3 position in Wastewater Treatment was then filled by Louise Schramm, a female Lab Tech 3 in Industrial Waste.

14.     The transfer of Louise Schramm did not open up a Lab Tech 3 position for Plaintiff to be promoted to from the eligibility list.

15.     As a result of a prior management decision made several years earlier, the Lab Tech 3 position was under-filling the Chemist position.

16.     Under-filling means that once the Lab Tech 3 position in Industrial Waste was vacated in 2001, it was eliminated as a cost-cutting measure.

17.     There was no open position as a Lab Tech 3 for Plaintiff to be promoted into during the time she was first on the eligibility list.

18.     Even without this realignment, Plaintiff would not have been eligible for the Lab Tech 3 position Ms. Schramm had held, because the Lab Tech 3 position was vacated after the expiration of the eligibility list on October 17, 2001.

19.     Every year employees such as Ms. Ngo are asked regarding their retirement plans in order to assist in the determination of future staffing levels and costs for the budgeting process.

20.     Mr. Madden was Plaintiff's co-worker and not her supervisor. He had no input or authority regarding Plaintiff's promotions, discipline or conditions of employment.

21.     Affiant further sayeth naught.

_Beverly B. Head_
Beverly Head

Sworn to and subscribed in my presence on this _7th_ day of January 2005.

WILLIAM CHRISTOPHER HICKS, Attorney at Law
Notary Public, State of Ohio
My Commission has no expiration date.
Section 147.03

Notary Public