David E. Hardin  (0066415)<br>Trial Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **ANDREA L. NGO** | : | **CASE NO. : C-1-00-961** |
| **Plaintiff,** | : | **Judge Watson** |
| vs. | : | **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| | : | |
| **CITY OF CINCINNATI, et al.** | : | |
| **Defendants.** | : | |
| | : | |

    The Plaintiff herein, Andrea L. Ngo, by and through counsel, hereby objects to the Defendants' Motion for Summary Judgment claiming that there are no genuine issues as to material facts and that each defendant is entitled to judgment as a matter of law.

    There is both direct evidence and circumstantial evidence that Plaintiff's discharge was based on her race, ethnicity, age and gender.  Further, Plaintiff was treated differently than similarly situated male and non-Asian employees of the City's Metropolitan Sewer District and the circumstances leading to her repeatedly being bypassed for promotional positions, first through  the City's discriminatory use of the exceptional appointments to choose non-Asian, younger employees and then through the intentional delay tactics of the Defendants in stalling promotion of Plaintiff into an open Laboratory Tech III position demonstrate more than articulable indicia of discriminatory  treatment toward this Plaintiff.

For the reasons set out below, and in the interest of justice, Plaintiff has met her burden of proving a prima facie case of gender discrimination, age discrimination, national origin discrimination and retaliation, and as rebutted Defendants' alleged non-discriminatory reasons for Plaintiff's repeatedly being "passed-over" by individuals outside her protected classes.

## II. PLAINTIFF'S STATEMENT OF THE FACTS

Plaintiff's facts are based on the Affidavit of Plaintiff in support of this Memorandum in Opposition to Defendant's Motion of Summary Judgment with accompanying exhibits, (Exhibit A, attached hereto), the deposition transcripts of Plaintiff, which was previously filed by Defendants, the affidavit of Defendant Beverly Head.

Plaintiff was hired by the City of Cincinnati in the Metropolitan Sewer District (MSD) as a Laboratory Technician I in 1995. At all times relevant to this case, she was employed as a Laboratory Technician II at MSD. Plaintiff had an extensive chemistry background upon her hire with MSD. (Ngo Depo. Pp 9-11) She previously was employed with Proctor & Gamble, Duramed and the united States Environmental protection Agency, all in the capacity of a chemist or its equivalent.

Plaintiff also an eclectic background, as a PhD candidate in French Literature and teaching French and English to students in her native, Vietnam. ( Ngo Depo at 8 and 11)

Upon her hire at MSD, Plaintiff was told that she would be promoted to a Chemist position by her supervisors. (Ngo Depo at 41). She was also informed by other supervisors that her work product and education and experience would soon lead to a promotion to a Chemist position. (Ngo Depo at 41). At the time, there was no promotion eligible examination in place. Rather, Chemists were placed based on "Exceptional Appointments". Three Chemists had previously either quit or had otherwise left their employment with MSD. (Ngo Depo 44 – 45). Despite the openings, her

qualifications and her exceptional work product, Plaintiff was continually and discriminatorily bypassed for younger, non-Asian and male employees. Defendants also discriminated against Plaintiff by "docking" her as AWOL for instances in which she was ill and presented her employers with viable doctor's notices. (Ngo Depo at 15-18).

Plaintiff also suffered discrimination due to her being forced to use substandard equipment, despite repeated requests for appropriate equipment. (Ngo Depo at 80-81). These computers were given to white male employees and Plaintiff was forced to use "hand-me-down" computers. (See Ngo Affidavit at p. 23-25)

Discrimination also manifested itself through additional work imparted upon her that could have been spread across all MSD employees. Namely, she was forced to do additional testing and analyses, and other lab work that other similarly-situated non-protected employees were allowed to shirk. (Ngo Depo at 71).

Defendants, when notified of a noxious fume intruding upon Plaintiff's workspace, the Defendant's did not accommodate her in protection from the fumes. Rather, she was given a very dangerous and misapplied mask which should never have been used by her. Plaintiff was relegated to shredding papers which on limited duty, a task which required lifting and handling of materials in excess of her lifting limitations.

Other manifestations of discrimination include the systematic purging of all plant life in her workspace, during a vacation time, in contravention to United States EPA policy as it was known by defendants at the time. Other similarly-situated non-Asian employees were afforded the opportunity to retain such vegetation.

The entirety of the evidence before this Court, allows for ample evidence of systemic and repeated discrimination against this Plaintiff at the hands of the Defendants, and, as such, the defendants' Motion for Summary Judgment must be denied.

## II.  LEGAL ARGUMENT

### A.  Summary judgment should be denied because there is material facts in dispute

Summary judgment is available only to moving parties who demonstrate that there is "no genuine issue as to any material of fact and that the moving party is entitled to judgment as a matter of law." Fed R.Civ.P. 56 (c).  The burden is on the movant to establish conclusively that no genuine factually dispute exists.  See *Smith v. Hudson* (600 F. 2d 60 (6th Cir.) 1979, (Cert denied 444 U.S. 986) (1979).  Summary judgment will not lie if the dispute about a material fact is "genuine", that is, the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby,* 477 U.S. 242 (1986).  The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that no one party must prevail as a matter law.  *(Id.)*

The party moving for summary judgment has the burden of showing conclusively that no genuine issues of material fact exist and that the evidence together with all inferences drawn there from must be read in light of most favorably to the party opposing the motion. *Baker v. Roberts Ex., Inc.,* 800 F. Supp 1571 (S.D. Ohio 1990).

The moving parties summary judgment papers are to be closely scrutinized while those of the non-movant are to be read indulgently.  *U.S. v Real Property known as 311 Cleveland Ave., Hamilton Co.,* 799 F. Supp 824 (S.D. Ohio 1992).

4

Summary judgment is "seldom appropriate in cases where the parties intentions or states of mind are crucial elements of the claim because of the likelihood of self-serving testimony and the necessity for the fact-finders credibility determination". *60 Ivy Street Corp. v. Alexander*, 822 F. 2d 1432, 1435-1436 (6th Cir. 1987). See also, *Kand Medical, Inc. v. Freund Medical Products, Inc.*, 963 F. 2d 125 (6th Cir. 1992) (Summary Judgment inappropriate where issues involve intent); *Courtney v. Biosound, Inc.,* 42 F. 3d 414, 421 (7th Cir. 1994) (the Summary Judgment standard is applied "with added rigor in employment discrimination cases, where intent and credibility are crucial issues"); *Gill v. Reorganized School Dist.,* 32 F. 3d 376, 378 (8th Cir. 1994) ("we apply [summary judgment] standard with caution in employment cases...because intent is evidentially the central issue.")

Defendants must prove that there are no material facts in dispute. They can not meet their burden in this case because there are several material facts in dispute. These have been set out under Plaintiff's statement of facts above and will be discussed below with reference to their legal significance. Several additional issues are present in Defendants Motion for Summary Judgment.

Discrimination Under Title VII and, in turn, under Ohio Revised Code Chapter 4112, may be prove by either direct evidence or by circumstantial evidence. Plaintiff can prove that she was terminated because of her gender and age using both methods.

**B.  Plaintiff has produced direct evidence of gender, national origin and age discrimination.**

Plaintiff may prove discrimination through either direct or circumstantial evidence. When Plaintiff presents direct evidence of discrimination, Plaintiff is not also required to prove discrimination using the *McDonnell-Douglas* method of analyzing for substantial proof of discrimination. *Transworld Airlines, Inc. v. Thurston*, 489 U.S. 111, 121, 105 S.Ct. 613, 622 (1985).

(*McDonnell-Douglas* is inapplicable when Plaintiff presents direct evidence of discrimination). Direct evidence in the *McDonnell-Douglas* formulation are simply different evidentiary path by which to resolve the ultimate issue of Defendant's discriminatory intent. *Blaylock v. Metals Trades, Inc.,* 775 F. 2nd 703, 707 (6th Cir. 1985).

Direct evidence of discrimination, if credited by the fact-finder, removes the case from *McDonnell-Douglas* because the Plaintiff no longer needs the inference of discrimination that arises from the prima face case. Upon crediting the Plaintiff's direct evidence, the district Court finds that requiring the conclusion that unlawful discrimination was at least a "motivating factor" of the employers actions". (*Terbovitz v. Fiscal Court*, 825 F. 2d 111, 114-115 (6th Cir. 1987). In *Talley v. Brovo Pitino Restaurant Ltd.*, 61 F. 3d 1241 (6th Cir. (1995), Plaintiff presented Affidavits of the restaurant valet and the lunch manager to the effect that one of the owners had occasionally made disparaging comments about blacks and that both owners had made racists comments. The Sixth Circuit held that this constituted direct evidence of discriminatory motivation in an employment discharge situation. *Id. at 1249.* In the instant case, Head and the City treated Plaintiff differently because of her gender. Routinely, Defendant was given much heavier work loads, substandard equipment and denied warranted promotional opportunities, all due to her national origin and age.

If the Plaintiff produces direct evidence that an illegitimate criterion, such as gender or national origin, plays the motivating part in a decision. (*Id*. at 230) *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989), such a showing entitles the fact-finder to presume that the employers discriminatory animus made it different than the outcome. Defendants' intentional withheld or delayed promotions to Plaintiff. Such were unnecessary, unwarranted and not supported by the

6

circumstances as they were at the time.

### C.   Plaintiff has produced circumstantial evidence of gender and age discrimination.

As stated previously, under Title VII, Plaintiff may prove discrimination either through direct evidence or through circumstantial evidence which creates an inference of discrimination. In the latter approach, once the Plaintiff has established a prima face case, it creates the presumption that the Defendant unlawfully discriminated against the Plaintiff, and the burden shifts to the Defendant who articulately legitimate non-discriminatory reason for the Plaintiffs rejection. (*Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 254 through 256, 101 S. Ct. 1089). If the Defendant offers a legitimate reason, the burden shifts back to the Plaintiff to demonstrate that Defendant's proffered reason(s) are a pretext to milk an illegal motive and the discrimination was a determinative factor in her termination. *McDonnell-Douglas Corp. v. Green*, (1973) 411 U.S. 792, 93 S. Ct. 1817. In a disparate treatment case, such as the present action, the Plaintiff's ultimate burden is to persuade the Court that she has been the victim of intentional discrimination. See *e.g. Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S. Ct. 1089 (1981). This proof of discriminatory motive can in some situations be inferred from the mere fact of differences in treatment. *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 97 S. Ct. 1843 (1977).

### 1.  Plaintiff has established a prima face case.

In Age Discrimination cases, Plaintiff may establish a prima face case by showing (1) that she was member of a group, (2) that she was subject to an adverse employment decision, (3) that she was qualified for the position, and (4) that she was replaced by a person outside the protected class. *McDonnell-Douglas v. Green*, 411 U.S. 792, 93 St. 1817 (1973). It is well established that the *McDonnell-Douglas* formula applies not only to claims brought under Title VII and the ADA but also

7

claims of discrimination under state law. See, *e.g. Plumbers and Steamfitters Joint Apprenticeship Committee v. Ohio Civil Rights Commission* (1981), 66 Ohio St. 2d 192, 421 N.E. 2d 128. Defendant has conceded that Plaintiff has met the first two elements, but argues that Plaintiff can not establish the third and fourth elements of a prima face case because Plaintiff was not qualified for the available positions and thus they were justified in denying her these opportunities. Defendants also relied without merit, on the argument that Plaintiff's test results (when the test was finally administered) did not rise to the level necessary for placement. As shown in the evidence for this Court's review, others who clearly were less qualified were given promotions to the Chemist and Lab Tech III positions, each of which outside of Plaintiff's protected class.

To establish a prima face case, Plaintiff was not required to disprove the reasons given for her non-promotion. *Gill v. Reorganized Sch. Dist. R-6 Festus*, M.O., 32 F. 3d 376 (8th Cir. 1994).

### a. Plaintiff Meets the Third Element of the prima face case.

A determination that an individual is performing a job well enough to meet an employer's legitimate expectations, when made in a context of a prima face case, may be based solely upon the employee's testimony concerning the quality of her work. *Williams v. Williams Electronics, Inc.*, 856 F. 2d 920, 923 N. 6 (7th Cir. 1988). In the *Gill* case, the Court found that the Plaintiff's denial of the accusations of misconduct and evidence of the Plaintiff's satisfactory performance as a substitute teacher was sufficient to establish job performance element of a prima face case. *Gill* at 378. In the instant case, Plaintiff received a very high ratings and evaluations, and met or exceeded all expectations at the time of all of her evaluations.

There is a genuine issue as to Plaintiff's performance. Since this is a case at the summary

8

judgment stage, this Court cannot resolve this factual dispute, but must accept legitimate factual conclusions in favor of the non-moving party.

**b.  Plaintiff meets the fourth element of a prima face case of gender and age discrimination.**

The fourth element may be satisfied by showing that similarly situated non-protected employees were treated more favorably or that Defendants reasons are pre-textual. *Talley* at 1246. Inferences of discrimination based on gender can be made simply from the conflicts and the inconsistencies in the testimony. *Pachell v. Red Apple Enterprises, Ltd.,* 921 F. 2d 157, 159 (8th Cir. 1990) Plaintiff has produced (1) evidence that she was treated differently than non-Asian females and white males employees.  Plaintiff was bypassed for promotions given to those outside her protected class.  She was relegated to menial work not given other non-classified employees, she was denied plants and flowers in her work place, black-marked as AWOL without justification and forced to work additional duties not given to other similarly situated employees.

Plaintiff has satisfied the fourth element of a prima face case.

The prima face method "was never intended to be rigid, mechanized, or ritualistic.  Rather it was merely a sensible, orderly way to evaluate the evidence in light of common experience as it bears on the critical question of discrimination". *Vernco Construction Corp. v. Waters*, 438 U.S. 567, 98 St. 2943 (1978).  See also, *United States Postal Service Board of Governors v. Aikens,* 460 U.S. 711, 103 S. Ct. 1478 (1983).  "The burden of establishing a prima face case of disparate treatment is not onerous" *Burdine*, 450 U.S. at 253, 101 S. Ct. at 1094.  Therefore, Plaintiff has met her burden of proving a prima face case and Defendants' arguments to the contrary must be rejected.

The same standards are applicable to national origin discrimination under a Title VII framework.

Based on the above, Plaintiff has met her burden of proving a prima face case on both gender and national origin discrimination as well as age discrimination and Defendants' arguments to the contrary must be rejected.

### c. **Defendant's Proffered and Non-Discriminatory Reasons are Pretextual.**

Once a Plaintiff has presented a prima face case the Defendant must offer a legitimate, non-discriminatory reason for its actions.

Head relies upon test results and civil service rules to justify actions she and the City took to deny Plaintiff her justified promotional opportunities. However, the evidence at hand, demonstrates to the contrary, that the City, when it wants to accommodate an employee will bend or alter the rules to accommodate. (See Ngo Affidavit at p.10)

In the rebuttal stage, pretext may be shown "either directly by persuading the [trier of fact] that a discriminatory reason more likely motivated the employer or indirectly by showing that the employers proffered explanation is unworthy of credence. *Burdine* at 256, 101 S. Ct. at 1095. "To make a case on the credibility of the employers explanation, the Plaintiff is required to show by preponderance of the evidence either (1) that the proffered reasons had no basis *in fact* (2) that the proffered reasons did not *actually* motivate his discharge, or (3) that they *insufficient* to motivate discharge. *Manser v. Diamond Shamrock Chemicals Co.*, 29 F. 3d 1078 (6th Cir. 1994). Plaintiff has made a showing of all three types. Defendants present no evidence from Head or any tangible evidence in support of their assertion that Defendants had a legitimate "non-discriminatory reason for adversely treating Plaintiff in discriminatory manner.

Plaintiff has also presented evidence that the preferred reasons did not actually motivate the adverse employment actions.

10

## CONCLUSION

For the reason stated in this Memorandum, Defendant's Motion for Summary Judgment should be denied.

Respectfully submitted,

/s/ David E. Hardin
David E. Hardin          (0066415)
Trial Attorney for Plaintiff
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, Ohio 45202-4322
(513) 721-7300

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Memorandum in Support thereof was served on Augustine Giglio, Esq, Senior Assistant City Solicitor by electronic filing this 31st of January, 2005.

/s/ David E. Hardin
David E. Hardin          (0066415)
Trial Attorney for Plaintiff
