UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANDREA L. NGO, | : | |
| | : | Case No. C-1-00-961 |
| Plaintiff, | : | |
| | : | Judge Watson |
| vs. | : | |
| | : | |
| CITY OF CINCINNATI, et al., | : | DEFENDANTS' REPLY |
| | : | MEMORANDUM IN SUPPORT OF |
| Defendants. | : | SUMMARY JUDGMENT |
| | : | |

**MEMORANDUM IN SUPPORT**

**I.   ARGUMENT**

In response to Defendants' Motion for Summary Judgment, Plaintiff submitted a Memorandum in Opposition along with and Affidavit and Exhibits attempting to create issues of material fact. However, Plaintiff's Memorandum and documents contain primarily conclusory allegations and conclusions without evidentiary support. Plaintiff's Affidavit contains a litany of irrelevant, unsupported, and incorrect insinuations, conclusions and speculation. Additionally, Plaintiff fails to address many of the arguments raised in the Motion for Summary Judgment regarding the specific elements necessary for Plaintiff to prove her case.

  **A. Plaintiff Has Failed to Establish the Necessary Elements of a Title VII or ADEA Claim Against Defendants.**

   **1.   Plaintiff has Not Produced Direct Evidence of Discrimination**

Initially, Plaintiff makes the argument that she has produced direct evidence of discrimination, which would allow her to demonstrate her case outside of the *McDonnell-Douglas* evidentiary framework. This argument is completely meritless. Throughout her

1

Case 1:00-cv-00961-MRB    Document 42    Filed 02/14/2005    Page 2 of 8

Memorandum and Affidavit there is not one single shred of admissible evidence that directly demonstrates that any illegitimate criterion such as Plaintiff's age, national origin or gender played any role in any of the employment decisions with respect to Plaintiff.

In attempting to demonstrate that she has produced direct evidence Plaintiff makes statements such as "[r]outinely, Defendant (sic) was given much heavier work loads, substandard equipment and denied warranted promotional opportunities, all due to her national origin and age[,]" and "Defendants' intentional (sic) withheld or delayed promotions to Plaintiff." (Plaintiff's Memo. In Opp. to MSJ p. 6). Contrary to Plaintiff's arguments, these statements are not direct evidence of discrimination and are at best indirect or circumstantial evidence. More accurately, they are unsupported conclusions and allegations. While Plaintiff notes that in *Talley v. Bravo Pitino Retaurant Ltd.*, 61 F.3d 1241 (6th Cir. 1995), that evidence that decision makers made racist comments can constitute direct evidence of discriminatory motivation, the evidence, if it can even be called evidence, presented by Plaintiff does not include any evidence of any comments indicating bias against Plaintiff due to her national origin, age or gender. Plaintiff does not produce any other direct evidence either.

### 2.     Plaintiff Has Failed to Establish a Prima Facie Case

Plaintiff also attempts to prove her case through the circumstantial method of proof. Again, she fails to meet her burden and merely makes unsupported conclusory allegations.

#### a.     Plaintiff Was Not Qualified for Promotion

In addressing whether Plaintiff established that she was qualified for the job, Plaintiff cites case law that allows qualification to be established merely based on Plaintiff's testimony regarding the quality of her work. This argument demonstrates Plaintiff's fundamental misunderstanding of the law. The case cited by Plaintiff, *Williams v. Williams Electronics, Inc.*,

2

856 F.2d 920 (7th Cir. 1988), involved the termination of an employee during a reduction in force (RIF). The issue before the court was merely whether the plaintiff was qualified for the position she had already held and had successfully performed for a period of time. This case involves promotions and Plaintiff's contention that she should have been hired for two different positions. Therefore, the issue of qualification is fundamentally different than in a RIF case. In the instant case there were objective qualifications, based on the employees' performance on the promotional examination, with which to assess their qualifications. Here the objective evidence shows that Plaintiff was not qualified. For the Chemist position she was tenth on the promotional list with a 65.55, compared with the top scorers 82.67. On the Lab Tech 3 promotional list Plaintiff was third on the list with a 77.53 compared to an 86.59 for the top scorer.

        **b.**    <u>**Plaintiff Was Not Treated Differently Than Similarly Situated Employees Outside of the Protected Class**</u>

As she does throughout her Memorandum, Plaintiff attempts to show she was treated differently than similarly situated employees through conclusory, vague unsupported allegations and conclusions. In her Memorandum she attempts to show she was treated differently by stating, for example, that she "was bypassed for promotions given to those outside her protected class. She was relegated to menial work not given other non-classified employees, she was denied plants and flowers in her work place, black-marked as AWOL without justification and forced to work additional duties not given to other similarly situated employees." (Plaintiff's Memo. In Opp. to MSJ p. 9). These conclusions, in addition to being unsupported by any actual evidence, are insufficient to raise an issue of fact as to this element of Plaintiff's prima facie case.

What Plaintiff fails to address is the fact that she has not produced evidence of other employees being similarly situated. As required by *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992), the employees Plaintiff wishes to compare herself to must be "similarly situated in all respects." The other employees must have dealt with the same supervisor, have been subject to the same standards, and have engaged in the same conduct without differentiating or mitigating circumstances. *Id*. In her Memorandum and Affidavit Plaintiff fails to produce such evidence. Instead, Plaintiff makes conclusions based on her own subjective perception that she was treated differently than other employees. Throughout her brief she fails to establish the positions, supervisors and often the names of the supposed comparators and instead summarily concludes that she has been treated differently based on her protected characteristics. This is insufficient to survive summary judgment.

     c. **Defendant Has Produced a Legitimate Non-Discriminatory Reason for Its Actions**

Incredibly, Plaintiff argues that "Defendants present no evidence from Head or any tangible evidence in support of their assertion that Defendants had a legitimate "non-discriminatory (sic) reason for adversely treating Plaintiff in (sic) discriminatory manner." (Plaintiff's Memo. In Opp. to MSJ p. 10). This is patently false. Futhermore, this burden is not an onerous one. Defendant may make this showing "simply by producing evidence that it had legitimate non-discriminatory reasons for the decision." *Watson v. Fort Worth Bank and Trust Co.*, 487 U.S. 977, 986 (1988). Throughout her Affidavit, Beverly Head explains the legitimate reasons why Plaintiff was not promoted to the two positions for which she applied. In essence, the promotions were made because of the other candidates' superior qualifications, as evidenced by their scores on the promotional exams. This clearly is a legitimate reason for not promoting Plaintiff.

#### d. <u>Plaintiff Has Not Demonstrated Pretext</u>

Again Plaintiff fails to produce actual evidence and instead relies on self-serving conclusions. Plaintiff has failed to present any evidence that the proffered reasons do not have a basis in fact; did not actually motivate the decision; or, that they were insufficient to motivate the decision.

Plaintiff does note in her Affidavit that other employees in the past seven years were promoted to other positions without examination. This is correct but irrelevant. When Plaintiff and other employees requested that a promotional examination be given for the Chemist position the Civil Service Commission granted their request. This does not demonstrate discrimination against Plaintiff. These earlier promotions involved management positions and various lab tech jobs. Plaintiff offers no evidence of when the positions were available, what the requirements were, what the ages or national origin of the successful applicants were, what their qualifications were, how the individuals were similarly-situated, whether she even indicate any interest in the jobs, or how the promotions are in any way relevant to the instant case. For example, in paragraph 14 of her Affidavit Plaintiff states "Mr. Jim Weast was promoted to a Manager without taking any examination. He is a high school drop out." This statement is typical of Plaintiff "evidence." There is nothing to demonstrate if this allegation is even, true let alone how it is in anyway relevant to the question of whether Plaintiff was discriminated against in 2000 and 2001 when she applied for positions as a Lab Tech 3 and Chemist.

#### e. <u>Plaintiff Failed to Address the Retaliation Claim</u>

Plaintiff also failed, not only to produce evidence, but also, to even address the retaliation claim. As noted in the Motion, Plaintiff failed to file and EEOC charge for retaliation, which bars her from filing suit under Title VII. As to her state law claim, not only is there no evidence

5

of any causal connection between Plaintiff's EEOC charge and any adverse action, there is no evidence that the decision makers involved in Plaintiff's desired promotions were even aware of her EEOC charge. As the Sixth Circuit held in *Mulhall v. Ashcroft*, 287 F.3d 543 (6th Cir. 2002), a plaintiff has the burden of showing that her protected activity was known to those who made the decision. In order to do so Plaintiff must offer specific facts of that knowledge, not merely conspiratorial theories, speculation, and intuition. *Id*. at 552. Here Plaintiff had not produced even speculation as to knowledge of her protected activity, let alone actual knowledge. Therefore, her retaliation claim must be dismissed.

        **f.    Plaintiff Failed to Address Defendants' Arguments Regarding Intentional Infliction of Emotional Distress, Qualified Immunity or Lack of any Policy or Custom**

As with the retaliation claim, Plaintiff fails to address the fact that there is no evidence supporting her intentional infliction of emotional distress claim. Therefore, this claim should be dismissed. Furthermore, Plaintiff also fails to produce any evidence in response to the arguments that her claims are barred by qualified immunity and due to the lack of any evidence of a governmental policy or custom. As such, these arguments are unrebutted and mitigate in favor of summary judgment as well.

## II.    CONCLUSION

In order to survive summary judgment Plaintiff is required to raise a question of material fact as to each element of her prima facie case. Plaintiff cannot simply make unsupported legal conclusions devoid of any evidentiary basis. This is what she attempts to do in her Memorandum in Opposition to Summary Judgment. As demonstrated in the Motion for Summary Judgment, and above, Plaintiff has failed to demonstrate numerous elements of her case including any adverse action, qualification for the positions desire, similarly situated

6

employees being treated preferentially, pretext, a causal connection, knowledge of her protected activity and more succinctly, the overriding issue in this case, evidence of discrimination or retaliation. Therefore, Defendants respectfully request that the Motion for Summary Judgment be granted.

    Respectfully Submitted,
**J. RITA MCNEIL** (0043535)
City Solicitor

*S/William C. Hicks*
**AUGUSTINE GIGLIO** (0031911)
**WILLIAM C. HICKS** (0068565)
Assistant City Solicitors
Room 214, City Hall
801 Plum Street
Cincinnati, Ohio 45202
(513) 352-3338
FAX: (513) 352-1515
E-mail: gus.giglio@cincinnati-oh.gov
Trial Counsel for Defendant

### CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing Reply Memorandum in Support of Summary Judgment was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to David E. Hardin at davidhardin29@yahoo.com, counsel for Plaintiff.

*S/William C. Hicks*
**William C. Hicks (0068565)**

8