NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

INFORMATION COPY
MANDATE NOT YET ISSUED
DIS. CT. # 00-0961

No. 05-3397

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED AUG -4 PM 12:31

AUG - 3 2006

LEONARD GREEN, Clerk

|  |  |
|---|---|
| ANDREA L. NGO, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR |
| CITY OF CINCINNATI, et al., | ) THE SOUTHERN DISTRICT OF |
| | ) OHIO |
| Defendants-Appellees. | ) |

O R D E R

Before: MOORE and GIBBONS, Circuit Judges; ACKERMAN, District Judge.*

Andrea L. Ngo, a pro se Ohio resident, appeals a district court judgment dismissing her civil rights action filed pursuant to 29 U.S.C. § 623, Age Discrimination in Employment Act (ADEA); 42 U.S.C. § 2000e (Title VII); and Ohio Rev. Code § 4112.02. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Seeking monetary relief, Ngo, an Asian female, sued the City of Cincinnati; the Board of Commissioners for Hamilton County, Ohio; Beverly Head, Superintendent for the Cincinnati Metropolitan Sewer District; and eight unidentified individuals, alleging that she was subjected to racial discrimination, retaliation, and intentional infliction of emotional distress. The district court subsequently granted summary judgment to the defendants.

---

*The Honorable Harold A. Ackerman, United States District Judge for the District of New Jersey, sitting by designation.

On appeal, Ngo argues that Head should be held liable and the claims against her should not have been dismissed. Ngo feels that Head's conduct was outrageous. She states that the district court's analysis regarding her leave time was wrong and that she was improperly denied a promotion.

The district court's judgment is reviewed de novo. *Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005).

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

Ngo does not raise her claims against the City of Cincinnati and the Hamilton County Commissioners in her brief on appeal. Further, she does not discuss how the district court's analysis in dismissing her allegations against these defendants was improper. Therefore, Ngo's claims against these defendants are deemed abandoned and not reviewable on appeal. *See Boyd v. Ford Motor Co.*, 948 F.2d 283, 284 (6th Cir. 1991). In addition, Ngo raised a claim under 42 U.S.C. § 1983 in her first amended complaint. However, she fails to raise the claim on appeal. Therefore, this allegation is also deemed abandoned and not reviewable. *Id.*

Ngo's allegations under Title VII and the ADEA against Head were properly dismissed. Head is the Superintendent of the Metropolitan Sewer District. As an employee of the Sewer District, she cannot be held liable under Title VII and the ADEA as she is not considered an "employer" under either statute. *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 404-05 (6th Cir. 1997). Thus, the district court properly dismissed Ngo's Title VII and ADEA charges against Head.

Finally, as for her claim of intentional infliction of emotional distress, Ngo must show the following elements:

> 1) that the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff; 2) that the actor's conduct was so extreme and outrageous as to go "beyond all possible bounds of decency" and was such that it can be considered as "utterly intolerable in a civilized community"; 3) that the actor's actions were the proximate

cause of plaintiff's psychic injury; and 4) that the mental anguish suffered by plaintiff is serious and of a nature that "no reasonable man could be expected to endure it."

*Tschantz v. Ferguson*, 647 N.E.2d 507, 513 (Ohio Ct. App. 1994) (citations omitted).

Ngo contends that the "outrageous" conduct to which she was subjected consisted of her being wrongly charged with being absent without leave; being denied certain promotions; having her plants removed from her work space while on vacation; and having her time cards altered. These facts do not rise to the level of "extreme and outrageous" conduct.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

_____
Clerk